UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ENERGY TRANSFER EQUITY, L.P., and ENERGY TRANSFER PARTNERS, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> GREENPEACE INTERNATINOAL (aka "STITCHING GREENPEACE COUNCIL"); GREENPEACE, INC.; GREENPEACE FUND, INC.; BANKTRACK (aka "STITCHING BANKTRACK"); EARTH FIRST!; and JOHN AND JANE DOES 1-20, <br><br> Defendants. | Case No.:  17-CV-00173-DLH-CSM |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR
DECLARATION OF EFFECTIVE SERVICE ON DEFENDANT EARTH FIRST!**

Plaintiffs in this case purported to effect service on Earth First!, a "philosophy" or "movement" with "no members" or "formal leadership," by mailing their Complaint to the offices of Earth First! Journal, a formally-organized entity separate and distinct from the Earth First! movement. Because Earth First! is fundamentally a philosophy, or idea, it lacks capacity to be sued under Federal Rule of Civil Procedure 17(b)(3). A non-entity incapable of being made a defendant such as Earth First! cannot be served by any means, certainly not by mailing a copy of the Complaint to the address of a non-party such as Earth First! Journal, which has not been sued, and is not alleged in the Complaint to have played any role in the events described therein. Having received the Complaint, and because non-entity Earth First! cannot advance legal arguments, Earth First! Journal makes this special appearance for the purpose of advising the Court regarding this deficiency in Plaintiffs' lawsuit and respectfully requests that the Court

deny Plaintiffs' Motion for Declaration of Effective Service on Defendant Earth First!, ECF. No. 33 ("Motion").  To rule otherwise would leave the individual Earth First! Journal employees who received the Complaint in an untenable position—as they are not named in the Complaint, nor alleged to have any role in the far-fetched and sprawling conspiracy described therein, yet would presumably be left to wonder if they must somehow defend the interests of thousands of activists who share the Earth First! environmental philosophy.

## ARGUMENT

Plaintiffs' complaint names Earth First! as a defendant, and the instant motion asks the Court to declare Defendant Earth First! properly served. *See* Mem. of Law. in Support of Plaintiffs' Mot. for Decl. of Effective Service on Defendant Earth First!, ECF No. 34 ("Mem.") at 2. However, as reflected in Plaintiffs' own filings in support of their Motion, Earth First! is not an entity that, under Federal Rule of Civil Procedure 17(b), has capacity to be sued, and thus it cannot be properly served. Earth First! is "not an organization" at all, but rather a "philosophy" or "movement." ECF No. 35-18, at 2; ECF No. 35-16 (the "CCR Letter") at 2. Plaintiffs' own exhibits note that Earth First! "has no structure or leadership," ECF No. 35-1, at 4; *see also* Mem. at 3, but is a "convenient banner," and anyone "can ... just use that name." ECF No. 35-19, at 2. To use Plaintiffs' simplest formulation, Earth First! is a "non-entity." Mem. at 9 n.5. Plaintiffs make no attempt to explain how such a broad-based social movement, lacking formal membership or entity structure of any kind, can be amenable to suit.

Because Earth First! is a philosophy, not an entity, and has no structure, leadership, or formal membership, there was no agent to serve. Instead Plaintiffs sent the Complaint to the offices of the Earth First! Journal. The Earth First! Journal is a legal entity, but it is not mentioned in the Complaint. Having sued Earth First!, not Earth First! Journal, it was improper

to attempt service by mailing the complaint to Earth First! at the address of Earth First! Journal. *See Pennie v. Obama*, 255 F. Supp. 3d 648, 667 (N.D. Tex. 2017) (finding service improper when plaintiffs sued "Black Lives Matter," but sent the complaint to the address used by "Black Lives Matter Foundation"). For these reasons, Plaintiffs' motion should be denied. Moreover, on the record before the Court, it would be proper to dismiss Earth First! as a defendant, without permitting Plaintiffs leave to engage in the charade of further attempts at service upon what they concede is a "non-entity," Mem. at 9 n.5.

## I.      EARTH FIRST! LACKS CAPACITY TO BE SUED

Plaintiffs ignore the fundamental flaw underlying their attempt at service: an entity not capable of being sued cannot be properly served anywhere. "Rule 17(b) defines when a party has the capacity to sue or be sued in federal court." *Lundquist v. Univ. of S. Dakota Sanford Sch. of Med.*, 705 F.3d 378, 379 (8th Cir. 2013). Plaintiffs, however, have failed to even mention Rule 17(b) anywhere in their Motion. This is so even though Earth First! Journal, one month before Plaintiffs filed their Motion, alerted Plaintiffs to the deficiency of attempting to sue Earth First!. CCR Letter, ECF No. 35-18, at 1-2. Nevertheless, Plaintiffs made no efforts to amend their Complaint or explain how Earth First! could be sued. The closest Plaintiffs come to engaging with the relevant analysis under Rule 17(b) is when they suggest, in a footnote, that Earth First! is an unincorporated association that holds itself out as an entity functioning separately from its individual members and which therefore may be estopped from denying its capacity to be sued, under North Dakota law. Mem. at 9 n.5. But, as described below, this unsupported assertion cannot be squared with precedent or Plaintiffs' own evidence. Indeed, in the same footnote,

Plaintiffs describe Earth First! as a "non-entity." *Id.* Under Rule 17(b)(3), Earth First! lacks capacity to be sued, and the Court should deny Plaintiffs' Motion.[1]

Plaintiffs make no assertion anywhere in their Motion that Earth First! is either an individual acting in a representative capacity or a corporation, rendering subsections (1) and (2) of Rule 17(b) inapplicable. Subsection (3) therefore governs. That subsection provides that for any party other than an individual or a corporation, capacity to be sued is determined "by the law of the state where the court is located," unless the case involves "a partnership or other unincorporated association with no such capacity under that state's law" and the partnership or association is suing or being sued "to enforce a substantive right existing under the United States Constitution or laws." Fed. R. Civ. P. 17(b)(3). In that latter case, whether Earth First! is "a partnership or other unincorporated association" within the meaning of Rule 17(b)(3)(A) would be determined by reference to federal law, not state law. *See, e.g.*, *Comm. for Ida.'s High Desert, Inc. v. Yost*, 92 F.3d 814, 820 (9th Cir. 1996).

The evidence presented in Plaintiffs' Motion makes it abundantly clear that Earth First! lacks capacity to be sued under either North Dakota or federal law.

**A. Earth First! is Not Capable of Being Sued under North Dakota Law.**

Under North Dakota law, an "unincorporated association" is "'[a]n unincorporated organization that is not a legal entity separate from the persons who compose it.'" *Next Step v. Redmon*, 879 N.W.2d 71, 72-73 (N.D. 2016) (quoting *Black's Law Dictionary* 141 (9th ed. 2009)). Such an organization lacks capacity to be sued under North Dakota law. As the North Dakota Supreme Court has explained,

---

[1]    Earth First! Journal offers the legal analysis set forth herein on its own behalf, to guard against a finding by this Court that Earth First! has been properly served at the offices of Earth First! Journal. Undersigned counsel does not represent Earth First!.

> [a] voluntary unincorporated association may be nothing more than individuals joining together based merely on common purpose or interest. Thus, it is a maxim of the common law that, in the absence of statutory authority, such an association has no legal existence independent of those members who comprise the organization. Such being the case, the association at common law cannot, in its own name, (1) enter into contracts, (2) take, hold, or transfer property, or (3) sue or be sued.

*Id.* at 72–73 (quoting *Rock Creek Gardens Tenants Ass'n v. Ferguson*, 404 A.2d 972, 973 (D.C. 1979)) (holding that "unincorporated associations are incapable of holding title to real property"). North Dakota has long reflected that unincorporated associations lack capacity: "At common law, the well-settled rule was that a voluntary unincorporated association could neither sue nor be sued in its common name unless an enabling statute so provided." *Askew v. Joachim Mem'l Home*, 234 N.W.2d 226, 234 (N.D. 1975). Critically, North Dakota lacks "a statute which explicitly authorizes suit against unincorporated associations," *id.*, and Plaintiffs' Motion points to none.

Although Plaintiffs cite *Askew*, Mem. at 9 n.5, they fail to discuss the details of the case or list (much less apply) the six factors the *Askew* court enumerated for determining when "the facts and circumstances warrant" treating an unincorporated association as capable of being sued. 234 N.W.2d at 236. In *Askew*, the North Dakota Supreme Court "modified the common law to allow unincorporated associations to be sued *when they have held themselves out to be legal entities*," basing its "holding on the principle of estoppel." *Next Step*, 879 N.W.2d at 73 (emphasis added); *see Askew*, 234 N.W.2d at 236 (holding that "an association doing business as a legal entity may, if the facts and circumstances warrant, be estopped to deny its own existence" when later sued on a contract into which it had entered). In *Askew*, an architect sued Joachim Memorial Home, an unincorporated nursing home, for damages incurred after the nursing home abandoned a construction project. 234 N.W.2d at 230-31. Although the North Dakota Supreme Court recognized that unincorporated associations could not be sued at common law, the court

determined that equitable estoppel barred the nursing home from avoiding suit because it had previously held itself out as a legal entity conducting business, including with the architect. *Id.* at 234-36. Specifically, the nursing home—

- "h[eld] itself out, under the name Joachim Memorial Home, as a legal entity operating a retirement home";

- hired, terminated, and paid salaries to employees of the nursing home;

- "accumulate[d] funds to carry on its operations";

- "h[eld] title to real property in [its] name";

- "l[ent] money, and collect[ed] interest";

- "had obtained licensing by the Health Department of the State of North Dakota as a legal entity authorized to operate"; and

- "entered into the planning process for the construction of new facilities to house its operations."

*Id.* Based on cases from Missouri, Oklahoma, and Kentucky adopting the rule that unincorporated associations, under the common law, lack capacity to sue or be sued, the *Askew* court identified the following six factors, applicable to the nursing home, that buttressed its conclusion that the nursing home had capacity to be sued, namely:

(1) "[a] membership too large to feasibly join all as defendants" individually;

(2) "[r]egularly constituted officers and organization";

(3) "[a]ccumulation of funds";

(4) "[h]as chosen a name under which to do business";

(5) "[h]olds itself out as capable of contracting in that name"; and

(6) "[i]s engaged in business under that name."

*Id.* at 236.

In this case, all of the *Askew* factors, and the facts of that case, counsel in favor of the conclusion that, under North Dakota law, Earth First! lacks the capacity to be sued. Earth First! is a "non-entity," Mem. at 9 n.5, that has no members and lacks any "formal leadership," ECF No. 35-18, at 2, much less "regularly constituted officers and organization," per *Askew*. Indeed, unlike the nursing home in *Askew*, there is no allegation that Earth First! employs anyone, owns property, or sought to be licensed by any arm of the North Dakota government. Although Plaintiffs allege that the non-entity social movement Earth First! somehow funded the "Red Warrior Camp," Complaint ¶¶ 13-14, 20, 38(1)-(m), 91, 319, Plaintiffs have not alleged that Earth First! accumulates funds for the purpose of conducting regular business, holds itself out as capable of contracting under the name Earth First!, or engages in business under that name. In fact, just the opposite is true: according to Plaintiffs' own evidence, Earth First! is a "convenient banner," and anyone "can ... just use that name." ECF No. 35-19, at 2. Accordingly, under North Dakota law and the terms of Federal Rule of Civil Procedure 17(b)(3), Earth First! lacks capacity to be sued.

### B.  Earth First! Is Not "A Partnership or Other Unincorporated Association" As Those Terms Are Used in Rule 17(B)(3)(A).

Under Rule 17(b), if the "law of the state where the court is located" does not allow for capacity to be sued, a "partnership or other unincorporated association" may still have capacity to be sued as a matter of federal law if it is "sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Fed. R. Civ. Proc. 17(b)(3)(A). As the 1937 Committee Note to the creation of Rule 17 states, this language in subsection (b)(3)(A) codifies "the existing law as to such associations" set forth in the 1922 Supreme Court decision in *United Mineworkers of America v. Coronado Coal Co.*, 259 U.S. 344 (1922). Fed. R. Civ. Proc. 17 advisory committee's Note to Subdivision (b) (1937); *see also* 6A Wright & Miller,

Federal Practice & Procedure § 1564, at 627. The Court held in that case that a vast labor union that lacked any corporate legal form but had officers, a defined chain of command, assets, and formal membership could be sued (along with its similarly organized locals). *See* 259 U.S. at 383-85. In light of the growth and importance of unions in society, Chief Justice Taft's opinion held that such entities could be "properly made parties . . . and properly served by process on their principal officers." *Id*. at 392.

Rule 17(b)(3)(A) does not define "partnership or other unincorporated association," but "whether an entity is an 'unincorporated association' is a question of federal law." *Franklin v. City of St. Louis*, No. 4:15-CV-01283-NCC, 2016 WL 2986373, at *3 (E.D. Mo. May 24, 2016) (citing *Comm. For Ida.'s High Desert, Inc. v. Yost*, 92 F.3d 814, 820 (9th Cir. 1996)). "[V]oluntary and knowing membership is the hallmark of an unincorporated association," *Boynton v. Headwaters, Inc.*, 252 F.R.D. 397, 401 (W.D. Tenn. 2008), and "[s]uch an association suggests an organized group made up of persons who become members of the association voluntarily, but subject to certain rules or by-laws; the members are customarily subject to discipline for violations or non-compliance with the rules of the association," *Yonce v. Miners Mem'l Hosp. Ass'n*, 161 F. Supp. 178, 186 (W.D. Va. 1958). That is consistent with the Supreme Court's holding in *United Mine Workers*, in which a highly-organized labor union with every indicia of corporate form except a formal legal charter was held amenable to suit. Allowing such an association to be named and served through its officers, rather than requiring the individual naming and service of all its formal members and officers, promotes the procedural goals of the Federal Rules—"the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. Proc. 1—because such a process is more efficient than requiring resort to a class action, and holding individual members responsible through such a suit would not be

unfair given their voluntary, knowing, formal membership in an organized, hierarchical union led by officers elected by the members.

Earth First! bears no resemblance to such a "partnership or other unincorporated association" capable of being sued under Federal Rule of Civil Procedure 17(b)(3)(A). The hallmark of an unincorporated association within the meaning of Rule 17(b)(3)(A) is a deliberate, organized coming together for a sufficiently concrete and non-generic purpose. *See* C*line v. City of Mansfield*, 745 F. Supp. 2d 773, 797–98 (N.D. Ohio 2010), *amended in part* (Jan. 27, 2011), *aff'd sub nom. Cline v. Myers*, 495 F. App'x 578 (6th Cir. 2012) (multijurisdictional SWAT team was subject to suit under Rule 17(b)(3)(A) because its formation, purpose, structure, composition, and rules for mobilization were all deliberately organized in advance of mobilizations and subject to memorialized policies); *see also Ellul v. Congregation of Christian Bros.*, No. 09 CIV 10590 PAC, 2011 WL 1085325, at *3 (S.D.N.Y. Mar. 23, 2011), *aff'd*, 774 F.3d 791 (2d Cir. 2014) ("In addition, the common purpose to which Plaintiffs point—charity— is too vague to unify these regional organizations into a single legal entity."). Here, however, Earth First! lacks members or any formal leadership, Mem. at 3; ECF No. 35-18, at 2, which makes it fall well short of the threshold required to constitute an "unincorporated association" subject to suit under Rule 17(b)(3)(A), *see Yonce*, 161 F. Supp. at 186 ("The Fund has no membership or any of the other characteristics usually found in an unincorporated association.").

As Plaintiffs concede, the moniker "Earth First!" is a "convenient banner," and anyone "can ... just use that name." ECF No. 35-19, at 2; *cf. Doe v. McKesson*, ___ F. Supp. 3d ___, No.: 16-00742-BAJ-RLB, 2017 WL 4310240, at *4 (M.D. La. Sept. 28, 2017) ("Although many entities have utilized the phrase 'black lives matter' in their titles or business designations, 'Black Lives Matters' itself is not an *entity* of any sort."). If anyone can use the Earth First!

name, then anyone can join the Earth First! movement, without consequence, meaning Earth First! fails to satisfy the federal definition of an unincorporated association. *Cf. Yonce*, 161 F. Supp. at 186 (union retirement fund was not an "unincorporated association" under Rule 17(b) because trustees were "not permitted (as they might be if they were an 'association' of three individuals) to prescribe the conditions or qualifications of their membership or their duties, to enlarge or reduce their membership, to enlarge or decrease the scope of their activities," or decide whether the "association"—the fund—continued to exist). Under these circumstances, rather, Earth First! is akin to a trade name, and although a trade name (unlike Earth First!) has a distinct owner empowered to employ that name for his or her benefit, a trade name, like the name of a social movement, lacks capacity to be sued. *Diesel Mach., Inc. v. Manitowoc Crane Grp.*, 777 F. Supp. 2d 1198, 1213 (D.S.D. 2011).

Finally, Earth First! is "not an organization," but rather a "philosophy" or "movement." ECF No. 35-18, at 2; ECF No. 35-16, at 2, n. 2. Indeed, Plaintiffs "do[] not [even] claim that it is a legal entity," *Ellul*, 2011 WL 1085325, at *3. They advance no argument for why Earth First! is amenable to suit under Rule 17(b)(3). It is not; it is a social movement or philosophy that consequently lacks capacity to be sued. As the Middle District of Louisiana explained, in dismissing a claim asserted against the social movement "Black Lives Matter," "'Black Lives Matter,' as a social movement, cannot be sued . . . in a similar way that a person cannot plausibly sue other social movements such as the Civil Rights movement, the LGBT rights movement, or the Tea Party movement." *McKesson*, 2017 WL 4310240, at *6.

Plaintiffs seek additional time to serve Earth First!, if the Court finds their attempted service illegitimate, but as the *McKesson* court recognized when that plaintiff sought leave to amend his complaint, this would be futile. *Id.* at *7 ("For reasons that should be obvious, a

hashtag—which is an expression that categorizes or classifies a person's thought—is not a 'juridical person' and therefore lacks the capacity to be sued. ... [A] hashtag is patently incapable of being sued."). Similarly, Earth First! is a social movement, and not an unincorporated association within the meaning of Rule 17(b)(3)(A). Therefore, Earth First! lacks capacity under federal law to be sued.

## II.    IN ANY EVENT, SERVICE BY MAILING THE COMPLAINT TO THE OFFICES OF THE EARTH FIRST! JOURNAL IS IMPROPER

Even if Earth First! could be sued (which it cannot), Plaintiffs have wholly failed to explain why it was proper to serve Earth First! by mailing the Complaint to the offices of Earth First! Journal. The District Court for the Northern District of Texas was confronted with a remarkably similar problem when two plaintiffs attempted to sue numerous individuals, including President Obama, along with the Nation of Islam, Black Lives Matter, and the New Black Panther Party. *Pennie v. Obama*, 255 F. Supp. 3d 648 (N.D. Tex. 2017). The Court found service on "Black Lives Matter Foundation," a 501(c)(3) Nonprofit Organization, improper under Rule 4, for the simple reason that plaintiffs "ha[d] sued 'Black Lives Matter,' and not 'Black Lives Matter Foundation.' Thus, service on Black Lives Matter Foundation, even assuming it complies with California law, does not constitute service on Defendant Black Lives Matter." *Id.* at 667. As for the New Black Panther Party, the *Pennie* plaintiffs attempted service through the Georgia Secretary of State, similar to Plaintiffs here. *Id.* at 668. This, too, was found improper, as plaintiffs "failed to even allege that the New Black Panther Party is a corporate entity." *Id.*

Just as "Black Lives Matter Foundation" could not be served in a suit brought against "Black Lives Matter," Plaintiffs' attempted service of this action on the offices of Earth First! Journal fails to comport with the requirements of Rule 4. The 187-page Complaint does not

mention Earth First! Journal a single time. Nor does the Motion spell out what supposed relationship exists between Earth First! Journal and the Earth First! philosophy or its widely-strewn adherents such that "plaintiffs should be permitted to serve Earth First! by U.S. mail at the addresses listed on Earth First! Journal's website…." Mem. at 9. Nowhere in the Motion do Plaintiffs argue that Earth First! Journal is, or even could be, a front or proxy for Earth First!, or that Earth First! Journal holds itself out to be Earth First!.

The Earth First! Journal is a legal entity, unlike the Earth First! philosophy, and nothing in the record supports Plaintiffs' contention that Earth First! Journal is Earth First!'s "sister organization" or "has responded on Earth First!'s behalf." Mem. at 2. To the contrary, undersigned counsel made it abundantly clear that we represent Earth First! Journal, not Earth First!. *See* CCR Letter, ECF No. 35-16 ("We represent *Earth First! Journal*[] … Please be advised that 'Earth First! Journal' and 'Earth First!' are not one and the same. Earth First! Journal is an entity in and of itself, separate and distinct from 'Earth First!.'" (emphasis added)). It is not clear that an attorney could represent Earth First!. To whom would she report?

The most Plaintiffs seem confident in asserting—in a footnote appended to the end of their primary argument—is the conclusory statement that Earth First! somehow "holds itself out as an entity functioning separately from its individual members," and should therefore be "estopped from evading liability," Mem. at 9 n.5. That conclusion is bizarre, since everything in the preceding nine pages of Plaintiffs' brief indicates the exact opposite: that Earth First! does not assert that it has an entity structure, is an organization of any kind, has formal membership or officials, and so forth. *Cf. id.* (Earth First! "should be estopped from evading liability on account of its *technical status as a non-entity*." (emphasis added)). Of course, even if it were not completely contradicted by the facts Plaintiffs themselves set forth, nothing in this unsupported

assertion buried in a footnote would establish that Earth First! Journal is a proper party to receive service on behalf of Earth First!.

<p style="text-align:center">*      *      *</p>

Plaintiffs cite in their Motion a number of cases for the proposition that Federal Rule of Civil Procedure 4, governing service, should be construed liberally in favor of upholding the adequacy of service "as long as defendant receives sufficient notice" of the complaint. Mem. at 7-8 (quoting *Med. Graphics Corp. v. Compumedics Sleep PTY, Ltd.*, No. 01-01617 (RHK/JMM), 2001 WL 1454026 (D. Minn. Nov. 15, 2001), and also citing *Qwest Commc'ns Co. v. Aventure Commc'ns Tech., LLC*, 86 F. Supp. 3d 933 (S.D. Iowa 2015), *reconsideration denied*, No. 07-00078-JEG, 2016 WL 7621350 (S.D. Iowa Sept. 2, 2016); *Andersen Windows, Inc. v. Delmarva Sash & Door Co. of Md.*, No. 02-00074 (DWF/AJB), 2002 WL 1424570 (D. Minn. June 28, 2002)). However, a defendant incapable of being sued as a legal matter under Rule 17 obviously cannot be properly served under Rule 4, as the rule itself makes clear. *See* Fed. R. Civ. Proc. 4(h) (governing form of service on a corporation, partnership, or "other unincorporated association *that is subject to suit under a common name*" (emphasis added)). It is a non-sequitur to argue that Rule 4 mandates a liberal approach to service on a "non-entity" that lacks capacity to be sued such as Earth First!.

Nothing in the cases cited alters the conclusion that, under either North Dakota or federal law, Earth First!—the only relevant party identified as a defendant in the Motion and Complaint—lacks the capacity to be sued. In none of the cited cases was there any argument that the defendant lacked capacity to be sued. Rather, the defendants argued that service was defective under Rule 4 for diverse other reasons—service on someone who was purportedly not a proper agent of the defendant, *Qwest Commc'ns Co.*, 86 F. Supp. 3d at 994; failure to serve a *signed* and *sealed* summons, which defect was corrected within the timeframe required by Rule

<p style="text-align:center">13</p>

4, *Andersen Windows, Inc.*, 2002 WL 1424570, at *3; or failure to get the defendant corporate entity's name right, *Med. Graphics Corp.*, 2001 WL 1454026, at *2. More fundamentally, each of the defendants in the cases Plaintiffs cite was a *corporation*, whose capacity to be sued is governed in a straightforward manner by Rule 17(b)*(2),* which provides that a corporation's capacity to be sued is determined by the law of the place where the corporation is organized. Fed. R. Civ. P. 17(b)(2). Consequently, the cases Plaintiffs cite in their Motion are inapposite and immaterial to the relevant analysis here: capacity to be sued under Rule 17(b)*(3).*

Plaintiffs complain that they "identified members or affiliates of Earth First! through whom service could be effected," but were unable to complete service.  Mem. at 3. But none of these people are mentioned by name in the Complaint, nor do Plaintiffs provide factual support indicating they were authorized to accept service on behalf of the entire Earth First! social movement. Under Plaintiffs' approach, affinity groups with no formal membership or structure of any kind could be not only named but served through any single individual who has voiced sympathy with the movement. Any litigious plaintiff could then subject to suit all "members," however loosely defined, of any amorphous group—Black Lives Matter, the Tea Party, the White Nationalist Movement, Pastafarians—simply by serving any prominent individual associated with the movement.

## CONCLUSION

Because the facts as set forth by Plaintiffs themselves demonstrate that Earth First! lacks capacity to be sued under Federal Rule of Civil Procedure 17(b)(3), and because Plaintiffs have made no coherent argument why mailing the Complaint to the Earth First! Journal offices constituted proper service on the entire philosophical movement Earth First!, the Earth First! Journal respectfully requests that this Court deny Plaintiffs' Motion for a declaration of effective

service on Earth First!. Moreover, on the record before the Court, it would be proper to dismiss Earth First! as a Defendant, without permitting Plaintiffs' leave to engage in the charade of further attempts at service upon what they concede is a "non-entity," Mem. at 9 n.5.

Dated:  December 4, 2017

<div style="margin-left: 40%;">

_____/s/ Pamela Spees_____

Pamela Spees (admitted *pro hac vice*)
Rachel Meeropol
Shayana Kadidal
A. Azure Wheeler
Lorenzo Di Silvio
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, Floor 7
New York, NY 10012
212-614-6431
pspees@ccrjustice.org

*Attorneys for non-party Earth First! Journal*

</div>