UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Energy Transfer Equity, L.P., *et al.*<br><br>　　Plaintiffs,<br><br>v.<br><br>Greenpeace International<br>(aka "Stichting Greenpace Council"), *et al.*<br><br>　　Defendants. | Case No. 1:17-cv-173 |

**DEFENDANT BANKTRACK'S RESPONSE IN OPPOSITION TO ENERGY TRANSFER'S LETTER MOTION FOR A SCHEDULING CONFERENCE**

On December 6, 2017, plaintiffs Energy Transfer Equity, L.P., and Energy Transfer Partners, L.P. (collectively, "Energy Transfer") moved this Court for a scheduling conference pursuant to FRCP 26(f) and 16(b). Dkt. No. 47. At this point, considering pending motions to dismiss filed by BankTrack and its co-defendants, a scheduling conference is premature. If the defendants prevail on those motions (as they expect they will), such efforts would have been wasted and unnecessary. BankTrack joins its co-defendants Greenpeace, Inc., and Greenpeace International in their opposition to setting a Rule 16(b) scheduling conference at this time. Dkt. No. 53.

Just as the Complaint was particularly flawed as to BankTrack, requiring BankTrack to participate in a scheduling conference now, considering its jurisdictional objections, is particularly inappropriate. As BankTrack set forth in its motion to dismiss, it has no contacts with North Dakota and cannot constitutionally be subject to jurisdiction in this Court. Dkt. No. 37, at 8 – 20. The Due Process limitations on jurisdiction are recognized, in part, to protect out-of-state defendants from the inconvenience and unfairness of litigating in a far-off court (at least, when they have not themselves

1

created a connection with the forum). *See generally, World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). It would compound the burden of being forced to litigate a motion to dismiss in an inappropriate forum on such inadequate jurisdictional allegations if BankTrack, a small nonprofit organization located in the Netherlands, was also forced to plan for discovery and trial here in North Dakota.

As noted by the Greenpeace defendants, this Court's typical practice is to set scheduling conferences after motions to dismiss have been decided. Dkt. No. 53, at 3. This approach is warranted because, given L.R. Civ. P. 26.1's mandate that "[t]he scope of discovery and the time for completion of discovery must be determined at the Red. R. Civ. P. 16(b) conference", it makes no sense from either the standpoint of fairness to the defendants or judicial economy to delve into discovery-related matters until pending motions to dismiss have been decided. That is particularly true considering BankTrack's jurisdictional objections set forth in its motion to dismiss, the broad scope of issues set forth in Energy Transfer's complaint into which discovery could occur, combined with the Court's authority and power to "stay discovery until preliminary questions that may dispose of the case are determined." *Mau v. Twin City Fire Ins. Co.*, 2017 WL 3623794, at *2 (D. N.D. Aug. 23, 2017 ) (citing *Blair v. Douglas Cty.*, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013).

For these reasons, BankTrack joins the Greenpeace defendants in their opposition to Energy Transfer's motion for a scheduling conference, and requests that this Court stay scheduling an initial meeting of the parties and a Rule 16(b) conference until all pending motions to dismiss have been ruled upon.

Dated this 19th day of December 2017.

          THE MARTINEZ LAW FIRM, LLC

    By:  /s/ Robin S. Martinez
       Robin S. Martinez, MO #36557/KS #23816
       1150 Grand Blvd., Suite 240
       Kansas City, Missouri 54106
       816.979.1620 telephone
       816.398.7021 facsimile
       Email: robin.martinez@martinezlaw.net

       *Attorney for BankTrack*