UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ENERGY TRANSFER EQUITY, L.P., and ENERGY TRANSFER PARTNERS, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> GREENPEACE INTERNATIONAL (aka "STICHTING GREENPEACE COUNCIL"); GREENPEACE, INC.; GREENPEACE FUND, INC.; BANKTRACK (aka "STICHTING BANKTRACK"); EARTH FIRST!; and JOHN AND JANE DOES 1-20, <br><br> Defendants. | Case No.:  17-CV-00173-DLH-CSM |

**EARTH FIRST! JOURNAL'S MOTION FOR SANCTIONS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11,
28 U.S.C. § 1927, AND THE COURT'S INHERENT SANCTION POWER**

Plaintiffs have sued Earth First!, whom they allege to be a "putative nonprofit corporation organized under the laws of Florida with headquarters in Lake Worth, Florida." Complaint, ECF No. 1, ¶ 36.  They purported to serve Earth First! by mailing the Complaint to the address of the offices of the Earth First! Journal, a formally organized entity not mentioned in the Complaint. However, Plaintiffs' *own filings* in support of their "Motion for Declaration of Effective Service on Defendant Earth First!", ECF No. 33 ("Motion"), belie the allegation that Earth First! is a "putative nonprofit corporation," by demonstrating, to the contrary, that Earth First! is not an entity that has capacity to be sued under Federal Rule of Civil Procedure 17(b), and thus it cannot be properly served. According to Plaintiffs' own evidence and argument:

- Earth First! is "not an organization" at all, but rather a "movement." ECF No. 35-18, at 2.

1

- Earth First! "has no structure or leadership," ECF No. 35-1, at 4; *see also* Mem. of Law. in Support of Plaintiffs' Mot. for Decl. of Effective Service on Defendant Earth First!, ECF No. 34 ("Mem."), at 3, but is a "convenient banner," and anyone "can . . . just use that name," ECF No. 35-19, at 2.
- Earth First! is a "non-entity." Mem. at 9 n.5.

Even a cursory review of Plaintiffs' Motion reveals that Plaintiffs and their counsel lack a good faith basis for the allegation that Earth First! is a "putative nonprofit corporation organized under the laws of Florida." They failed to perform the most rudimentary factual and legal research regarding Earth First!'s capacity to be sued before they filed the Complaint, and pressed forward with their claims against Earth First!, despite knowing that it lacked capacity to be sued.

Plaintiffs have long been on notice of the deficiency of their attempt to sue and serve Defendant Earth First!. Not only did the Earth First! Journal alert Plaintiffs to the inadequacy of their Complaint one month before Plaintiffs filed their Motion, CCR Letter, ECF No. 35-16, at 1-2, but Plaintiffs' Motion is also contradicted by *their own evidence*. Confronted with these glaring deficiencies, Plaintiffs made *no* attempt in their Motion to explain how a broad-based social movement, lacking formal membership or entity structure of any kind, could be amenable to suit. And because Earth First! is a philosophy, not an entity, and has no structure, leadership, or formal membership, there was no agent to serve. Plaintiffs improperly attempted to work around this fact by sending the Complaint to the offices of the Earth First! Journal. Although Earth First! Journal is a legal entity, it is not mentioned anywhere in the Complaint. Having sued Earth First!, not the Earth First! Journal, it was improper to attempt service by mailing the Complaint to Earth First! at the address of Earth First! Journal.

All of this is explained in Earth First! Journal's Memorandum in Opposition to Plaintiffs' Motion for Declaration of Effective Service on Defendant Earth First!, *see* ECF No. 51 ("Opposition"), and compels the conclusion that Plaintiffs have recklessly or purposefully disregarded the obvious facts that Earth First! is *not* a "putative nonprofit corporation organized under the laws of Florida," that it lacks capacity to be sued under Federal Rule of Civil Procedure 17(b), and that mailing the Complaint to the Earth First! Journal offices did not constitute proper service on the entire philosophical movement Earth First!. The Earth First! Journal therefore respectfully requests that the Court sanction Plaintiffs and their counsel pursuant to Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, or the inherent powers of this Court and order:

1. Plaintiffs and their counsel to pay, jointly and severally, the attorneys' fees counsel for the Earth First! Journal incurred preparing and filing the Opposition and this sanctions motion; and

2. Plaintiffs' counsel to send an email to all lawyers at their firms, Kasowitz Benson Torres LLP, and Vogel Law Firm, that contains the text of Federal Rule of Civil Procedure 17(b) and a citation to *Askew v. Joachim Mem'l Hosp.*, 234 N.W.2d 226 (N.D. 1975); and states that, under those authorities, ideas and social movements, such as the Earth First! philosophy, lack capacity to be sued in federal court; and explains that the information is being transmitted as a court-ordered sanction.

## ARGUMENT

Under either Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the inherent powers of this Court, sanctions are warranted against Plaintiffs and their counsel based on their intentional and reckless disregard of the duties they owe this Court, namely, their failure to perform, under Rule 11(b), a reasonable inquiry into Defendant Earth First!'s status and legal capacity before filing the Complaint and, once on notice as to Earth First!'s lack of capacity, their moving forward with claims against Earth First! regardless. Federal Rule of Civil Procedure 11(b) provides, in relevant part, that—

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b) (emphasis added).

If "the court determines that Rule 11(b) has been violated, [it] may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Any sanction imposed "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," so long as the sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Under Rule 11, non-monetary sanctions may include an order requiring the sanctioned attorney to: successfully complete an accredited course on civil procedure at a local law school, *Bergeron v. Nw. Publications Inc.*, 165 F.R.D. 518, 523 (D. Minn. 1996); write an article related to the sanctionable conduct, *Glucksberg v. Polan,* No. CIV.A. 3:99-0129, 2003 WL 24221184, at *11 (S.D.W. Va. June 12, 2003), *aff'd*, 107 F. App'x 363 (4th Cir. 2004); *St. Paul Reins. Co. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 518 (N.D. Iowa 2000); show the sanctions order to all new clients for a period of two years, *DeLuca v. Seare (In re Seare)*, 515 B.R. 599, 621 (B.A.P. 9th Cir. 2014); or speak to students at a local law school

"about the dangers of filing a lawsuit as a licensed legal intern," *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265, 2016 WL 3945362, at *4 (N.D. Okla. July 19, 2016), *aff'd sub nom. Salmon v. Nutra Pharma Corp.*, 687 F. App'x 713 (10th Cir. 2017). Additionally, 28 U.S.C. § 1927 provides that—

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Finally, the Supreme Court has made clear that Rule 11 and § 1927 do not displace the inherent power of federal courts to impose sanctions for misconduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules"); *see generally id*. at 43-51; *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (bad faith not required for exercise of inherent sanction power); *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) ("court's inherent power 'reaches both conduct before the court and that beyond the court's confines'" (quoting *Chambers*, 501 U.S. at 44)).

In the Eighth Circuit, the standard under either Rule 11 or § 1927 "is whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009, 1011 (8th Cir. 2006) (internal quotation marks omitted). Plaintiffs' and their attorneys' conduct satisfy this standard for three independent reasons.

First, Plaintiffs alleged that "Earth First! is a putative nonprofit corporation organized under the laws of Florida," Complaint ECF No. 1, ¶ 36, without the proper evidentiary support or

5

a reasonably inquiry. Their lack of a good faith basis for this allegation is evidenced by their subsequent, contradictory assertion that Earth First! is an unincorporated association, *see* Mem., ECF No. 34, at 9 n.5, and their failure, once placed on notice as to Earth First!'s actual status as a philosophy or social movement, to marshal any evidence to the contrary. Had Plaintiffs conducted a reasonable inquiry into Earth First!'s legal capacity prior to bringing suit, they would have ascertained that neither of their two contradictory characterizations is correct.

Second, Plaintiffs were on notice of the erroneous nature of their factual allegation regarding Earth First!, and the related need to investigate Earth First!'s capacity to be sued, when they filed their Motion, but nevertheless failed to address this issue anywhere in their papers. Specifically, one month before Plaintiffs filed their Motion, counsel for Earth First! Journal alerted Plaintiffs to their deficient attempt to sue Earth First!. CCR Letter, ECF No. 35-16, at 1-2. In this letter, sent to Plaintiffs' attorneys via email on October 23, 2017, counsel explained that Earth First! is not a "putative nonprofit corporation organized under the laws of Florida," is not listed on the website of the Division of Corporations of the Florida Department of State, and lacks capacity to be sued. *Id.* at 2. Undersigned counsel explicitly cited Federal Rule of Civil Procedure 17(b)(3), drew Plaintiffs' counsel's attention to the North Dakota Supreme Court's opinion in *Askew v. Joachim Mem'l Hosp.*, 234 N.W.2d 226 (N.D. 1975), which set forth six factors for determining when an unincorporated association has capacity to be sued under North Dakota law, and highlighted two cases, *Doe v. McKesson*, No. 16-00742, 2017 WL 4310240 (M.D. La. Sept. 28, 2017), and *Pennie v. Obama*, 255 F. Supp. 3d 648 (N.D. Tex. 2017), in which the court determined that non-juridical entities like Earth First! lacked capacity to be sued. *Id.* The letter concluded with abundant clarity:

> In light of the above, we ask that you immediately notify the court that service was not properly made on a proper party to this case. We further urge you

> to amend the complaint to remove Earth First!, a non-juridical person, from the case, as it lacks the capacity to be sued, rendering the claims against it clearly frivolous.
>
> If you insist on pursuing this action against our client [the Earth First! Journal], we will seek sanctions.

*Id.*

On notice of the need to investigate and address Earth First!'s capacity to be sued, Plaintiffs filed their Motion one month later, yet failed to even mention Rule 17(b) anywhere in their papers. *See generally* Motion, ECF No. 33; Mem., ECF No. 34. Plaintiffs cited *Askew*, Mem., ECF No. 34, at 9 n.5, but neglected to discuss the details of the case or list (much less apply) the six factors the *Askew* court enumerated, several of which counsel for the Earth First! Journal had specifically brought to the attention of Plaintiffs' attorneys. CCR Letter, ECF No. 35-18, at 2. Additionally, despite knowing of the *McKesson* and *Pennie* cases, each of which supports the argument that a non-entity such as Earth First! lacks capacity to be sued under Rule 17(b)(3), and that this deficiency cannot be corrected by attempting service on an actual entity bearing a related name, Plaintiffs made no attempt to distinguish them. *See generally* Mem., ECF No. 34. The closest Plaintiffs came to engaging with the relevant analysis under Rule 17(b) was when they suggested, in a footnote buried at the end of the memorandum in support of their Motion, that Earth First! is an unincorporated association that holds itself out as an entity functioning separately from its individual members, and therefore may be estopped from denying its capacity to be sued under North Dakota law. *Id.* at 9 n.5. But Plaintiffs offered no basis for this claim, because there is none.

Plaintiffs' continued adherence to a factual allegation put forward without a good faith basis, and their failure to investigate or address Earth First!'s capacity to be sued anywhere in their Motion, despite being on notice of the need to do so, run afoul of Rule 11(b)'s

7

requirements. *See, e.g.*, *Callahan v. Schoppe*, 864 F.2d 44, 46-47 (5th Cir. 1989) (where plaintiffs served wrong individual who had same name as intended defendant because he was only one by that name listed in telephone directory, sanctions were properly imposed for failure to make reasonable inquiry); *Temple v. WISAP USA*, 152 F.R.D. 591 (D. Neb. 1993) (imposing sanctions of $15,000, admonishment and reprimand for attorney's failure to make profiling investigation regarding defendant's corporate status and ignoring evidence that he had sued the wrong corporation); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 83–84 (D.D.C. 2007) (sanctioning counsel, on notice that he had never properly served the defendant, for filing return of service anyway); *Gas Reclamation, Inc. v. Jones*, 113 F.R.D. 1, 4, 5 (S.D. Tex. 1985) ("The attorney for defendants Haas and Spira attempted repeatedly to avoid incurring attorneys fees for his clients by calling and writing to [plaintiff's] attorney Butler to inform him [that no service of process had been effected on Spira or Haas]. . . . The repeated telephone calls from defendants' attorney put Butler on notice that service was inadequate because of Butler's failure to mail a summons along with the complaint and other appropriate papers to the defendants.").

Sanctions are warranted for a third, more fundamental reason: even if Plaintiffs had investigated and addressed Earth First!'s capacity to be sued, which they did not, any contention that Plaintiffs might advance that Earth First! has capacity to be sued is belied *by their own evidence*. Plaintiffs and their counsel were in control of what they chose to file in support of their Motion, and the evidence they elected to introduce demonstrates that Earth First! is "not an organization" at all, but rather a "philosophy" or "movement." ECF No. 35-18, at 2; CCR Letter, ECF No. 35-16, at 2. It "has no structure or leadership," ECF No. 35-1, at 4; *see also* Mem., ECF No. 34, at 3, but is instead a "convenient banner," and anyone "can . . . just use that name." ECF No. 35-19, at 2. Indeed, when Plaintiffs suggested that Earth First! was amenable to suit in a

footnote at the end of the memorandum in support of their Motion, they conceded that Earth First! is a "non-entity." Mem. ECF No. 34, at 9 n.5. Thus, even if Plaintiffs had wanted to assert that Earth First! has capacity to be sued—an assertion contained nowhere in Plaintiffs' Motion—they would have faced a compelling argument to the contrary based on the evidence they marshalled and introduced as their best factual support.

Under these circumstances, Plaintiffs' and their counsel's disregard for their duties to the Court is patent, and sanctions are warranted. "A pleading is not well grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known to the attorney or the party signing the filing." *In re Chicago Midwest Donut, Inc.*, 82 B.R. 943, 950 (Bankr. N.D. Ill. 1988) (citing *Frazier v. Cast*, 771 F.2d 259, 263–65 (7th Cir. 1985), *abrogated on other grounds by Burden-Meeks v. Welch*, 319 F.3d 897 (7th Cir. 2003); *O'Rourke v. City of Norman*, 640 F. Supp. 1451, 1469–70 (W.D. Okla. 1986); *Coburn Optical Indus., Inc. v. Cilco, Inc.*, 610 F. Supp. 656, 659 (M.D.N.C. 1985); *Van Berkel v. Fox Farm Rd. Mach.*, 581 F. Supp. 1248, 1249–50 (D. Minn. 1984)). Here, evidence that Earth First! lacks capacity to be sued was known to the attorneys signing the Motion and the parties whose names were on it because Plaintiffs and their counsel introduced that evidence *themselves*! Courts have not hesitated to impose sanctions when an argument is contradicted by the evidence, *see, e.g.*, *Indus. Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust*, No. 08-CV-6227, 2012 WL 777313, at *7 (W.D.N.Y. Mar. 8, 2012), *vacated on voluntary stipulation of dismissal by the parties* (awarding plaintiff's counsel costs and attorneys' fees incurred by plaintiff in defending against a motion that "[wa]s without support and ha[d] been contradicted by evidentiary proof"); *Mayle v. Equifax Info. Servs., Inc.*, No. 03-CV-8746, 2006 WL 8424343, at *6 (N.D. Ill. Mar. 1, 2006) (plaintiff sanctioned for filing Fair Credit Reporting Act claim despite receiving evidence that loan had

been dispersed to her and that she owed money on it), and the justification for sanctions is *a fortiori* stronger when the contradictory evidence comes from the party being sanctioned. *See, e.g.*, *Lockary v. Kayfetz*, 974 F.2d 1166, 1175 (9th Cir. 1992) (affirming district court's order sanctioning plaintiffs' counsel for bringing "factually frivolous" antitrust claims and observing that the district court "pointed to the absence of evidence supporting the plaintiffs' theory . . . and to [counsel's] contradictory statements regarding the defendants' actions"); *Homecare CRM, LLC v. Adam Grp. Inc. of Middle Tenn.*, 952 F. Supp. 2d 1373, 1385 (N.D. Ga. 2013) ("The evidence shows that Homecare's actions were at the very least negligent, as it appears to have ignored evidence in its possession that directly contradicts the factual allegations made in support of its trade-secrets claim. . . . [Counsel's] review of the evidence should have shown them that Homecare's own documents rendered its trade-secrets claim objectively frivolous, and that prior counsel and Homecare should have known this when the action was filed. Thus, Homecare and its new counsel should have dismissed this claim, but they did not.").[1]

---

[1] The motions to dismiss filed by party defendants in this lawsuit suggest that Plaintiffs themselves may have played a role in formulating a strategy of filing suit in order to dissuade activists from engaging in activity protected by the First Amendment. *See* Greenpeace Int'l and Greenpeace, Inc. Motion to Dismiss, ECF No. 40-1, at 3, 3 n.4 ("The Complaint is silent as to why Energy Transfer chose to sue Greenpeace here, although Energy Transfer's CEO has suggested it was to send a signal to environmental groups about their activism"). Should further proceedings confirm this suggestion, it would be entirely appropriate for the Court to direct financial sanctions against the Plaintiffs themselves (rather than their attorneys) to be paid into the Court in an amount greater than the attorneys' fees of defendants and other affected persons, in an exercise of the Court's inherent sanctions power. *Cf. Chambers v. Nasco, Inc.*, 501 U.S. 32, 40-41 (1991) (affirming sanctions directed against the party responsible for misconduct, despite protestations of acting on advice of counsel). Rule 11 contemplates attorneys' fees as the typical measure of appropriate sanctions because the majority of litigation misconduct relates to bad faith behavior by attorneys, but common sense dictates that well-heeled plaintiffs (who have already proved willing to pay their own attorneys presumptively sizeable fees to finance the filing of this frivolous suit) may not find an award of defendants' attorneys' fees sufficient to deter them (or other similar parties in the future) from filing suit for abusive purposes.

# CONCLUSION

Under either Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, or the inherent powers of this Court, sanctions are warranted based on Plaintiffs' and their counsel's intentional and reckless disregard of their duties to this Court. Plaintiffs had the obligation to undertake a reasonable inquiry into Earth First!'s status and capacity to be sued before filing the Complaint, thus ensuring their factual allegations had evidentiary support. Plaintiffs and their counsel utterly failed to comply with this obligation. At least one month before they filed their Motion, Plaintiffs were on notice that, at the very least, there was an issue regarding Earth First!'s status and capacity to be sued, yet they nonetheless chose to file a motion and supporting papers devoid of any mention of Federal Rule of Civil Procedure 17(b), any argument regarding Earth First!'s capacity as a juridical non-entity, or any explanation regarding the inconsistencies between the Complaint and the Motion with respect to Earth First!'s legal existence. *Compare* ECF No. 1 ¶ 36 ("Defendant Earth First! is a putative nonprofit corporation organized under the laws of Florida with headquarters in Lake Worth, Florida."), *with* Mem., ECF 34, at 9 n.5 (characterizing Earth First! as an "unincorporated association"). More blatant still, Plaintiffs and their counsel hoped that no one would notice that any argument that Earth First! has capacity to be sued is belied by the very evidence Plaintiffs marshalled in support of their Motion. Under these circumstances, the Court should not tolerate Plaintiffs' and their counsel's failure to abide by even the most basic obligations imposed by Rule 11. The Earth First! Journal therefore respectfully requests that the Court sanction Plaintiffs and their counsel and order—

1. Plaintiffs and their counsel to pay, jointly and severally, the attorneys' fees counsel for the Earth First! Journal incurred preparing and filing the Opposition and this sanctions motion; and

2. Plaintiffs' counsel to send an email to all lawyers at their firms, Kasowitz Benson Torres LLP, and Vogel Law Firm, that contains the text of Federal Rule of Civil Procedure 17(b) and a citation to *Askew v. Joachim Mem'l Hosp.*, 234 N.W.2d 226

11

(N.D. 1975); states that, under those authorities, ideas and social movements, such as the Earth First! philosophy, lack capacity to be sued in federal court; and explains that the information is being transmitted as a court-ordered sanction.

Dated:  January 10, 2018

        */s/ Pamela Spees*
Pamela Spees (admitted *pro hac vice*)
Rachel Meeropol
Shayana Kadidal
A. Azure Wheeler
Lorenzo Di Silvio
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, Floor 7
New York, NY 10012
212-614-6431
pspees@ccrjustice.org

*Attorneys for Amicus Earth First! Journal*

**CERTIFICATION PURSUANT TO RULE 11(c)(2)**
**AND CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that, pursuant to the safe harbor provisions of Federal Rule of Civil Procedure 11(c)(2), the foregoing *Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's Inherent Sanction Power* was served on Plaintiffs' counsel Michael J. Bowe, Jennifer S. Recine and Lauren Tabaksblat of Kasowitz Benson Torres LLP and Robert B. Stock of the Vogel Law Firm by delivering it to them via FedEx overnight delivery packages sent on January 11, 2018, with copies by email sent on January 10, 2018. Due to weather disruptions throughout the Northeastern United States, the package sent to Mr. Stock at the Vogel Law Firm did not arrive until Monday January 15; the package sent to Kasowitz Benson Torres LLP arrived on January 12, 2018. The safe harbor provision of Rule 11(c)(2), requiring a twenty-one day grace period within which to "withdraw[] or appropriately correct[]" offending pleadings, has thus been fulfilled.

The instant filing with the Court will be served upon Plaintiffs' counsel Michael J. Bowe, Jennifer S. Recine and Lauren Tabaksblat of Kasowitz Benson Torres LLP through the Court's ECF system. Robert B. Stock of the Vogel Law Firm withdrew his appearance on February 1, 2018, the twenty-first day after the attached motion was sent to him via FedEx. Because Mr. Stock will presumably no longer receive ECF notices, undersigned counsel has served him with today's filing by sending copies to him via U.S. Mail and FedEx overnight delivery at the following address, with a courtesy copy by email:

>Robert B. Stock
>218 Northern Pacific Avenue
>Fargo, ND 58107-1389

Dated: February 7, 2018

>*/s/ Pamela Spees*
>Pamela Spees (admitted *pro hac vice*)
>CENTER FOR CONSTITUTIONAL RIGHTS
>666 Broadway, Floor 7
>New York, NY 10012
>212-614-6431
>pspees@ccrjustice.org