UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ENERGY TRANSFER EQUITY, L.P., and ENERGY TRANSFER PARTNERS, L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPEACE INTERNATIONAL (aka "STICHTING GREENPEACE COUNCIL"); GREENPEACE, INC.; GREENPEACE FUND, INC.; BANKTRACK (aka "STICHTING BANKTRACK"); EARTH FIRST!; and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Case No.:  17-CV-00173-DLH-CSM |

**EARTH FIRST! JOURNAL'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS**

Plaintiffs and their counsel had a duty to this Court obliging them to make a reasonable inquiry into Defendant Earth First!'s status and capacity to be sued prior to filing their Complaint. They not only utterly failed to comply with this obligation, but they continue to assert that Earth First! is suable in the face of contrary facts that they themselves produced.

Plaintiffs now concede that Earth First! is not "a putative nonprofit corporation organized under the laws of Florida," *see* Pltfs' Mem. of Law in Opp'n to Earth First! Journal's Mot. for Sanctions and in Support of Mot. to Strike, ECF No. 67 ("Mot. to Strike"), at 12, and yet they have not moved to amend their Complaint, nor withdrawn the offensive pleading.

Moreover, Plaintiffs' half-hearted explanation for mischaracterizing Earth First! ignores that they were informed of their error long before the Earth First! Journal's Motion for Sanctions. At least one month before they filed their Motion for Declaration of Effective Service on Defendant Earth First!, *see* ECF No. 33, Plaintiffs were on notice that, at the very least, there was

1

an issue regarding Earth First!'s status and capacity to be sued, yet they nonetheless chose to file a motion and supporting papers devoid of any mention of Federal Rule of Civil Procedure 17(b), any argument regarding Earth First!'s capacity as a juridical non-entity, or any explanation regarding the inconsistencies between their Complaint and the Motion for Declaration of Effective Service with respect to Earth First!'s legal existence. *Compare* Compl., ECF No. 1 ¶ 36 ("Defendant Earth First! is a putative nonprofit corporation organized under the laws of Florida with headquarters in Lake Worth, Florida."), *with* Mem. of Law. in Support of Pltfs.' Mot. for Decl. of Effective Service on Def. Earth First!, ECF No. 34 ("Service Mem."), at 9 n.5 (characterizing Earth First! as both an "unincorporated association" and a "non-entity"). That Earth First! lacks capacity to be sued is reinforced by the very evidence Plaintiffs marshalled in support of their Motion for Declaration of Effective Service, as well as the array of new exhibits introduced with their Motion to Strike, *see* ECF Nos. 66-68. Because Plaintiffs lacked a good-faith basis for believing that Earth First! was a suable entity at the time of filing (or now, for that matter), and refused to withdraw their allegations after repeated notice, their actions are sanctionable.

Because Plaintiffs improperly attempted to serve the "non-entity" Earth First! by mailing the Complaint to the offices of the Earth First! Journal, compelling the Journal's response, the Earth First! Journal has standing to seek sanctions under Rule 11 and this court's more flexibly invoked statutory or inherent sanctions powers.

I. **PLAINTIFFS' OWN VERSION OF THE FACTS SHOWS THAT EARTH FIRST! IS NOT A SUABLE ENTITY.**

Plaintiffs now acknowledge that their allegation as to Earth First!'s status as a "putative nonprofit" is erroneous, but they defend it as "reasonable at the time," because their "pre-filing investigation revealed ... that Earth First! was likely a tradestyle for *legal entities* doing business

2

as Earth First!," Mot. to Strike, ECF No. 67, at 12 (emphasis added). However, since Plaintiffs haven't identified any "legal entity" they were actually trying to sue, this excuse lacks substance.

Citing new evidence in the form of eight exhibits to their opposition to the Motion for Sanctions, *see* ECF Nos. 68-1 to 68-8, Plaintiffs contend that sanctions are also not warranted because Earth First! *has* capacity to be sued as an "unincorporated association" under Federal Rule of Civil Procedure 17(b). *See* Mot. to Strike, ECF No. 67, 12.[1] The framers of Rule 17 expressly sought to incorporate the first principles set out by the Supreme Court in *United Mineworkers of America v. Coronado Coal Co.*, 259 U.S. 344 (1922): members of an association that is not formally incorporated may be held liable for the authorized actions of the association's agents via a suit naming the association and served on its officers, but only where (1) there is formal membership, (2) the officers are elected by the members, and (3) the officers exercise control over the official actions of the association and its agents via a clear structure of command. Only then is it fair to hold members liable for actions of the group (as they have *formally assumed* membership and *formally elected the leaders who have orchestrated* the group's *official* actions), and fair to do so via suit against the whole *served on just the leaders* (as opposed to requiring service on the directly responsible agents, or on every individual member). *Cf.* Service Opp'n, ECF No. 51 at 7-9.[2] Applying these standards to the facts previously asserted

---

[1]  The fundamental principles governing capacity under Rule 17 are set forth in the Earth First! Journal's Mem. in Opp'n to Pltfs.' Mot. for Decl. of Effective Service on Def. Earth First!. *See* ECF No. 51 ("Service Opp'n"), at 4-9.

[2]  Plaintiffs make no serious attempt to argue that Earth First! is a "partnership or other unincorporated association" that lacks capacity to be sued under the "law of the state where the court is located" within the meaning of Federal Rule of Civil Procedure 17(b)(3)(A) apart from implying, in a footnote, that Earth First! is an unincorporated association within the meaning of that rule because it is "a body of persons acting together and using certain methods for prosecuting a special purpose or common enterprise." ECF No. 67, at 10 n.5 (quoting *Estates of Ungar ex rel. Strachman v. Palestinian Auth.*, 304 F. Supp. 2d 232, 258 (D.R.I. 2004) (internal quotation marks omitted)). Regardless, Plaintiffs' conclusory assertion ignores case law providing that it is not so easy to satisfy the definition of an unincorporated association within the meaning of Rule 17(b)(3)(A). *See, e.g.*, *Yonce v. Miners Mem'l Hosp. Ass'n*, 161 F. Supp. 178, 186 (W.D. Va. 1958) ("Such an association suggests an organized group made up of persons who become members of the association voluntarily, but subject to certain rules or by-laws; the

by Plaintiffs themselves, Earth First! does not even come close to constituting a suable entity under Rule 17. *Id.*; *see also Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) ("Rule 11 sanctions are appropriate if the filing was unreasonable under the circumstances existing *at the time of filing*." (emphasis added)).[3]

Plaintiffs' new evidence also fails to show that Earth First! is a suable entity. Rather, it provides additional support for the Earth First! Journal's consistent position that Earth First! is an idea or philosophy, not an entity. Plaintiffs proclaim that Earth First!'s "strategic goals and internal governance are set by leadership during annual Organizers Conferences," Mot. to Strike, ECF No. 67 at 8 (citing ECF No. 68-4), but the cited exhibit says nothing of the kind. Rather, the exhibit describes the "Earth First! Organizers Conference" as "an annual gathering of Earth First! organizers and other like-minded activists to discuss movement strategy and tactics, internal dynamics of Earth First!, and other topics related to organizing radical environmental and social justice groups and campaigns," ECF No. 68-4, at 1; nothing in the webpage Plaintiffs introduced supports the conclusion that Earth First!'s "strategic goals and internal governance" are set at that event, or that there is even such a thing as Earth First! "leadership," Mot. to Strike, ECF No. 67, at 8. To the contrary, Plaintiffs' exhibits reflect that the Organizers Conference is an "open gathering," organized by a different "host group" every year, ECF No. 68-4, and that "Earth First! is a priority, not an organization. The only 'leaders' are those working the most

---

members are customarily subject to discipline for violations or non-compliance with the rules of the association."); *see also* ECF No. 64, at 7-11 (thoroughly analyzing Earth First!'s capacity under Rule 17(b)(3)(A)).

[3] Given that Plaintiffs themselves concede that Earth First! is not "a putative nonprofit corporation organized under the laws of Florida," Mot. to Strike, ECF No. 67, at 12, they have not, as they suggest, *see id.* at 7-8, sufficiently alleged Earth First!'s capacity to be sued. In any event, the cases Plaintiffs cite in their opposition are distinguishable. *See Sec. Life Ins. Co. of Am. v. Sw. Reinsure, Inc.*, No. 11-1358 (MJD/JJK), 2011 WL 6382857, at *5 (D. Minn. Dec. 20, 2011) (permitting discovery into "how or to where INA's assets were transferred *upon its* [*dis*]*solution*"); Reply Br. at 6, *Daniels v. Retired Senior Volunteer Program*, No. 2:05-CV-0114, 2006 WL 783438 (S.D. Ohio Apr. 22, 2005), ECF No. 19, at 6 (asserting that defendant Retired & Senior Volunteer Program was not an entity separate from defendant University of Rio Grande, and therefore lacked capacity to be sued); *Askew v. Joachim Mem'l Home*, 234 N.W.2d 226, 230 (N.D. 1975) (addressing unincorporated nursing home's capacity on appeal from directed verdict, where nursing home *filed counterclaim*).

effectively. New ideas, strategies and crucial initiative come from individuals and all decisions are made within affinity groups," ECF No. 68-3.

That the Earth First! Journal's website includes pages discussing the Organizers Conference, ECF Nos. 68-4 & 68-7, or publicizes content from "Hudson Valley Earth First!" about the conference, ECF No. 68-5, does not, as Plaintiffs suggest, support the conclusion that "Earth First! disseminates information about its strategic goals and objectives, direct actions, and other acts in furtherance of these objectives" through the Earth First! Journal or that the Earth First! Journal is somehow Earth First!'s "agent," which is a completely new theory, Mot. to Strike, ECF No. 67, at 8 (citing ECF Nos. 68-4, 68-5 & 68-7). Nor does any of Plaintiffs' new evidence support the conclusion that Earth First! "raises and disburses funds to achieve [its] goals." Mot. to Strike, ECF No. 67, at 9 (citing ECF Nos. 68-5 & 68-6). Rather, all Plaintiffs' exhibits show is that *Hudson Valley Earth First!* sought to raise money for the Organizers Conference when it hosted that conference in 2017, *see* ECF No. 68-5, at 1, and that, entirely separately, the Earth First! Journal has sought donations to continue publishing *the Earth First! Journal*, ECF No. 68-6, at 1.[4]

Plaintiffs charge that Earth First! Journal has "attempt[ed] to recast Earth First! as a 'philosophy' or 'movement' with 'no structure or leadership.'" Mot. to Strike, ECF No. 67, at 9. But these are all quotes from Plaintiffs' *own exhibits*! Earth First! lacks capacity to be sued, and sanctions are warranted against Plaintiffs and their attorneys, not because of some "self-serving

---

[4] Plaintiffs' persistent cavalier attitude toward the duties they owe this Court is also on display when it comes to the gross mischaracterizations of the Earth First! Journal's filings peppered throughout the motion to strike. The Earth First! Journal did not concede that "Earth First! is [composed] of thousands of individual members," Mot. to Strike, ECF No. 67, at 8 (citing Service Opp'n, ECF No. 51, at 2); *compare* Service Opp'n, ECF No. 51, at 2 (describing the "thousands of activists who *share the Earth First! environmental philosophy* (emphasis added)), and has never conceded that "Plaintiffs have *properly* treated [Earth First!] as an unincorporated association subject to suit," ECF No. 67, at 12 (emphasis added) (citing Motion for Sanctions, ECF No. 64, at 5-6); *compare* Motion for Sanctions, ECF No. 64, at 6 ("Had Plaintiffs conducted a reasonable inquiry into Earth First!'s legal capacity prior to bringing suit, they would have ascertained that neither of their two contradictory characterizations [including characterizing Earth First! as an unincorporated association] is correct.").

description" of Earth First!, *id.*, but because Plaintiffs, who were in control of the litigation in support of their own Motion for Declaration of Effective Service, alleged that Earth First! was a "putative non-profit" when it clearly is not, failed to even address Earth First!'s capacity to be sued, despite being on notice of the need to do so, and contradicted *their own argument* that Earth First! has capacity through *their own evidence*.

Plaintiffs cite *Askew v. Joachim Mem. Home*, 234 N.W.2d 226 (N.D. 1975), and *United States v. Rainbow Family*, 695 F. Supp. 294 (E.D. Tex. 1988), as legal support for their argument, but Plaintiffs' own exhibits show that neither case can save them. All of the *Askew* factors, and the facts of that case, counsel in favor of the conclusion that, under North Dakota law, Earth First! lacks the capacity to be sued. Earth First! is a "non-entity," Service Mem. at 9 n.5, that has no members and lacks any "formal leadership," ECF No. 35-18, at 2, much less "regularly constituted officers and organization," as the sizeable, identifiable nursing home business did in *Askew*. Indeed, unlike the nursing home in *Askew*, there is no allegation that Earth First! employs anyone, owns property, or sought to be licensed by any arm of the North Dakota government. Although Plaintiffs allege that the non-entity social movement Earth First! somehow funded the "Red Warrior Camp," Compl., ECF No. 1 ¶¶ 13-14, 20, 38(1)-(m), 91, 319, Plaintiffs have presented no evidence indicating that Earth First! accumulates funds for the purpose of conducting regular business, holds itself out as capable of contracting under the name Earth First!, or engages in business under that name. In fact, Plaintiffs' own exhibits show the opposite, indicating that Earth First! is a "convenient banner," and that anyone "can ... just use that name." ECF No. 35-19, at 2.

*Rainbow Family* is similarly distinguishable.[5] In that case, the court concluded that Rainbow Family had capacity to be sued because it "operate[d] as an organization, with decision-making 'councils,' individuals who act[ed] as agents, representatives, or leaders on a voluntary basis, and which ha[d] an informational network" and because the organization possessed "a recognized decision-making structure..., as well as methods of disseminating decisions and other information." 695 F. Supp. at 298. It was thus in this context that the court concluded that "service of process upon such an organization, where there are no established [in other words, non-*ad hoc*] leaders or agents, may be effectuated by service upon its individual members, particularly where, as here, *the individuals so served act in a leadership or representative capacity, by negotiating on behalf of the Rainbow Family or 'scouting' for sites for a gathering*." *Id.* (emphasis added). The court relied on *evidence* that the individuals served were "agents or representatives of the Rainbow family," recognized via consensus by the membership, for at least the limited purpose of selecting a gathering site—which sufficed for service of a motion for an injunction directed at preventing the gathering itself. *Id.* By contrast, Plaintiffs have not produced any evidence indicating that any particular individual could possibly be considered an agent or representative of Earth First!. *See* Service Mem., ECF No. 34, at 4-5 (failing to provide any evidence indicating that individuals upon whom service was attempted act as agents or representatives of "Earth First!"). The only evidence Plaintiffs adduced in support of their Motion for Declaration of Effective Service demonstrates that Earth First! is "not an organization," ECF No. 35-18, at 2, and "has no structure or leadership," ECF No. 35-1, at 4. Plaintiffs introduced no evidence that Earth First! has "decision-making 'councils'" or a

---

[5] It is unclear whether the court in *Rainbow Family* was applying *Texas* law, which does not apply here. *See* Fed. R. Civ. P. 17(b)(3) (capacity of party other than individual not acting in representative capacity or corporation generally determined "by the law of the state where the court is located"). The Magistrate's Report and Recommendation is not appended to the published pre-ECF/PACER-era opinion.

"recognized decision-making structure" of the kind that influenced the *Rainbow Family* court or that an "individual member" of Earth First! ever negotiated on its behalf or, acting in an official capacity for the organization, facilitated the specific acts complained of, as in *Rainbow Family*. Accordingly, Earth First! lacks capacity to be sued under Rule 17(b), and Plaintiffs' argument that sanctions are not warranted on this basis is unfounded.

Plaintiffs' remaining arguments in support of their attempt to avoid the consequences of their sanctionable conduct are without merit. Despite Plaintiffs' suggestions to the contrary, *see* Mot. to Strike, ECF 67, at 10-11, a showing of bad faith is *not* required to impose sanctions under Rule 11, 28 U.S.C. § 1927, or this Court's inherent powers. *See Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009, 1011 (8th Cir. 2006) (standard under either Rule 11 or § 1927 "is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court'"); *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (bad faith not required for exercise of inherent sanction power); *see also Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987) ("Based on these uncontroverted facts, it is clear that the plaintiffs filed a frivolous lawsuit. They cannot now argue that their subjective 'good faith' (i.e. ignorance of the law or legal procedures) somehow excuses their actions.").

Plaintiffs' reliance on *Ellipsis, Inc. v. Color Works, Inc.*, No. 03-2939BV, 2005 WL 3466566 (W.D. Tenn. Dec. 16, 2005), *see* Mot. to Strike, ECF No. 67, at 12 & n.9, is misplaced. In *Ellipsis*, the court declined to impose sanctions on the plaintiff's attorneys because there was no evidence that the lawyers "advanced one of the [plaintiffs'] claims for which [they] knew there was no evidence." No. 03-2939BV, 2005 WL 3466566, at *6. By comparison, Plaintiffs' *own filings* in support of their Motion for Declaration of Effective Service (as well as here) belie the allegation that Earth First! has capacity to be sued.

Lastly, Plaintiffs' attempted distinction of *Temple v. WISAP USA*, 152 F.R.D. 591 (D. Neb. 1993), fails. Plaintiffs assert that "[o]nly after ignoring copious warning signs that the wrong party had been named" did the court sanction the attorney in *Temple*. Mot. to Strike, ECF No. 67, at 11 n.7. Here, however, the writing was on the wall, and sufficiently "copious," to put Plaintiffs and their attorneys on notice that Earth First!'s capacity would be an issue and that Plaintiffs' argument regarding capacity was belied by their *own evidence*.

\* \* \*

Robert Stock of the Vogel Law Firm withdrew from his representation of Plaintiffs twenty-one days after the Motion for Sanctions was sent to him, *see* ECF No. 64, at 13 (Certification), and has not otherwise responded to the Motion. Mere withdrawal of an appearance, without more (for instance, an *ex parte* statement that a client refused to withdraw a pleading), is insufficient to save an attorney from sanctions—the Rule 11 "safe harbor" is intended to allow attorneys time to withdraw or correct offending pleadings, not to give them three weeks to flee their actions. *Cf. Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010) (where attorney withdraws before Rule 11 motion can even be served on him under safe harbor rule, he may not be held liable under Rule 11, but may be sanctioned under court's inherent powers).

## II. IT IS APPROPRIATE FOR THIS COURT TO CONSIDER SANCTIONS.

Plaintiffs ask this Court to strike the Motion for Sanctions, asserting that the Earth First! Journal lacks standing to seek sanctions, *see* Mot. to Strike, ECF No. 67, at 5-7, 13-14, but their argument ignores their own role in dragging the Earth First! Journal into this case. Specifically, when they purported to effect service on Earth First! by mailing their Complaint to the address of the Earth First! Journal, Earth First! Journal employees were left in an unenviable position. Although they were not named in the Complaint, nor alleged to have had any role in the far-

9

fetched conspiracy Plaintiffs depict therein, Earth First! Journal employees were nonetheless left to wonder whether they might be held responsible for, and be required to defend the interests of, potentially thousands of activists who share the environmental philosophy of the Earth First! movement. Accordingly, counsel to the Earth First! Journal wrote to Plaintiffs' attorneys, advising them that the Earth First! Journal is not Earth First!, such that mailing the Complaint to the address of the former was insufficient to properly serve the latter, and alerting them to the deficiency of attempting to sue Earth First!, which is not an entity capable of being sued. ECF No. 35-16, at 1-2. Plaintiffs, however, made no attempt to amend their Complaint, but instead moved for a declaration that they had properly served Earth First! *See* ECF Nos. 33-35. The Earth First! Journal thus had no reasonable course of action but to oppose the motion, and, in so doing, was required to retain counsel and incur costs.[6]

When a non-party, made a reluctant participant to the proceeding by the actions of a party, is forced to prepare a defense or incur costs and attorneys' fees, that non-party has standing to invoke Rule 11 and may seek sanctions. *See, e.g.*, *Nyer v. Winterthur Int'l*, 290 F.3d 456, 459-60 (1st Cir. 2002); *Greenberg v. Sala,* 822 F.2d 882 (9th Cir. 1987); *Westmoreland v. CBS, Inc.,* 770 F.2d 1168 (D.C. Cir. 1985); *U.S. ex rel. Shaw v. AAA Eng'g & Drafting, Inc.*, No. CIV.-95-950-M, 2006 WL 988591, at *3 (W.D. Okla. Apr. 12, 2006), *vacated on other grounds by U.S. ex rel. Shaw v. AAA Eng'g & Drafting, Inc.*, No. COV-95-950-M, 2007 WL 2071917, at *1 (W.D. Okla. Jan. 31, 2007); *Payman v. Lee Cty. Cmty. Hosp.*, No. 2:04CV00017, 2005 WL 735886, at *2 (W.D. Va. Mar. 31, 2005). Importantly, none of these cases even mentions the

---

[6] Given these unique facts, the rules governing amicus intervention and the cases Plaintiffs cite concerning amicus standing, *see* ECF No. 67, at 5-6, are inapposite. In each of the cases Plaintiffs cite, the amicus curiae *voluntarily* intervened in the proceeding, and none involved a non-party that received a complaint in the mail and was thus forced to defend against attempts to declare such mailing effective service. *See United States v. Michigan*, 940 F.2d 143, 163-64 (6th Cir. 1991); *Miller-Wohl Co. v. Comm'r of Labor and Industry of Mont.*, 694 F.2d 203, 204 & n.1 (9th Cir. 1982); *Minn. by Campion v. CMI of Ky, Inc.*, No. 08-603 (DWF/AJB), 2011 WL 13227960, at *2 (D. Minn. Feb. 11, 2011); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1063, 1067-68 (N.D. Cal. 2005).

need to seek permission before moving for sanctions, revealing that once a non-party is brought into a case involuntarily, and thus forced to incur legal costs, standing to seek sanctions has been established. By contrast, the cases Plaintiffs cite concerning non-party standing to seek sanctions, *see* Mot. to Strike, ECF No. 67, at 6-7, stand for the proposition that non-parties who *voluntarily* enter the litigation, and do so for the *sole* purpose of seeking Rule 11 sanctions, lack standing to do so, *see New York News, Inc. v. Kheel*, 972 F.2d 482, 489 (2d Cir. 1992); *Port Drum Co. v. Umphrey*, 852 F.2d 148, 150 (5th Cir. 1988); *Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp.*, 802 F. Supp. 2d 691, 693 (E.D. Va. 2011); *Matter of Search Warrant*, No. 3:16-MJ-00691 (SALM), 2017 WL 4418858, at *2 (D. Conn. Oct. 5, 2017). In any event, this Court is free to construe the Earth First! Journal's motion for sanctions as a motion to intervene for purposes of seeking sanctions. *Cf., e.g.*, *Cox Enterprises, Inc. v. News-Journal Corp.*, No. 604-CV-698-ORL-28KRS, 2009 WL 2602642, at *1 (M.D. Fla. Aug. 24, 2009) (non-party petition to amend an earlier order treated as motion to intervene, even though not styled as such); *Heilman v. Perfection Corp.*, No. 99-0679-CV-W-HFS, 2005 WL 2372129, at *1 (W.D. Mo. Sept. 27, 2005) (non-party's motion to enforce the terms of a settlement treated as a motion to intervene).

Plaintiffs further ignore that the Earth First! Journal has also sought sanctions pursuant to this Court's inherent sanction power. This power is broader than the sanction mechanisms under Rule 11 and § 1927, which reach "only certain individuals or conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Rather, this Court's inherent sanction power "exist[s] to fill in the interstices." *Id.* Given that courts have exercised this inherent power *sua sponte*, *see, e.g.*, *Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1213 (11th Cir. 2015) (noting with approval district court's *sua sponte* imposition of sanctions under inherent power); *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986); *Monroe v. Geo Grp., Inc.*, No. 14 CIV. 3130 (ER),

11

2018 WL 582473, at *3 (S.D.N.Y. Jan. 29, 2018), nothing bars this Court from sanctioning Plaintiffs and their counsel, regardless of the Earth First! Journal's non-party status.

Finally, Plaintiffs' implicit claim that it was improper to publicize the service of the sanctions motion under Rule 11's "safe harbor" provision, *see* Mot. to Strike, ECF No. 67, at 13, misconceives the purpose of that provision. The twenty-one-day time period provided by the rule allows an offending party the opportunity to spare *the court* the trouble of addressing an improper filing. It was not created in order to protect counsel from public embarrassment when their own sanctionable conduct is identified. Because the Earth First! Journal has standing to seek sanctions, and because the Court is inherently empowered to impose sanctions, Plaintiffs' motion to strike the Motion for Sanctions should be denied.

## CONCLUSION

For the foregoing reasons, the Earth First! Journal respectfully requests that this Court: (1) GRANT the Motion for Sanctions and sanction Plaintiffs and their counsel; (2) enter an ORDER as described in the Motion for Sanctions, ECF No. 64, at 3, 11-12; and (3) DENY Plaintiffs' motion to strike the Motion for Sanctions, ECF No. 66.

Dated:  February 28, 2018

                /s/ Pamela Spees
              Pamela Spees (admitted *pro hac vice*)
              Rachel Meeropol
              Shayana Kadidal
              A. Azure Wheeler
              Lorenzo Di Silvio
              CENTER FOR CONSTITUTIONAL RIGHTS
              666 Broadway, Floor 7
              New York, NY 10012
              212-614-6431
              pspees@ccrjustice.org

              *Attorneys for Amicus Earth First! Journal*

**CERTIFICATE OF SERVICE**

      Undersigned counsel hereby certifies that the foregoing *Opposition to Plaintiffs' Motion to Strike and Reply Brief in Further Support of Motion For Sanctions* will be served upon Plaintiffs' counsel Michael J. Bowe, Jennifer S. Recine and Lauren Tabaksblat of Kasowitz Benson Torres LLP and Lawrence Bender and Danielle M. Krause of Fredrikson & Byron, P.A. through the Court's ECF system. Robert B. Stock of the Vogel Law Firm withdrew his appearance on February 1, 2018. Because Mr. Stock will presumably no longer receive ECF notices, undersigned counsel has served him with this filing by sending copies to him via U.S. Mail and by FedEx overnight delivery at the following address, with a courtesy copy by email:

                Robert B. Stock
                218 Northern Pacific Avenue
                Fargo, ND 58107-1389

Dated: February 28, 2018

                    */s/ Pamela Spees*
                Pamela Spees (admitted *pro hac vice*)
                CENTER FOR CONSTITUTIONAL RIGHTS
                666 Broadway, Floor 7
                New York, NY 10012
                212-614-6431
                pspees@ccrjustice.org