IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Energy Transfer Equity, L.P., and Energy Transfer Partners, L.P., <br><br> Plaintiffs, <br><br><br> Greenpeace International (aka "Stichting Greenpeace Council"); Greenpeace, Inc.; Greenpeace Fund, Inc.; Banktrack (aka "Stichting Banktrack"); Earth First!; Cody Hall; Krystal Two Bulls; Jessica Reznicek; Ruby Montoya; Charles Brown; and John and Jane Does 1-20, <br><br> Defendants. | Case No. 1:17-cv-00173 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION AND FOR LIMITED JOHN AND JANE DOE DISCOVERY** |

Energy Transfer Equity, L.P. and Energy Transfer Partners, L.P. (together, "Energy Transfer" or "Plaintiffs") respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's August 22, 2018 order directing Plaintiffs to identify and serve all Doe Defendants within 30 days or face dismissal of claims against these defendants (ECF No. 100), and their motion for limited John and Jane Doe discovery.

**PRELIMINARY STATEMENT**

On August 22, 2018, the Court directed Plaintiffs, *sua sponte,* to identify and serve Earth First! Doe defendants within 30 days or face dismissal of the claims against such parties. For the reasons set forth herein, Plaintiffs respectfully submit that the terms upon which the Court conditioned service of the Earth First! Doe defendants are contrary to Eighth Circuit law, and that reconsideration of the August 22, 2018 order is warranted. Under Eighth Circuit law, when Doe defendants are described with sufficient specificity that they can be identified through discovery or court intervention – as they are in Plaintiffs' Amended Complaint – claims against

such defendants may not be dismissed prior to the discovery that will serve to identify them. Moreover, pursuant to Fed. R. Civ. P. 4(m), Plaintiffs are entitled to 90 (not 30) days to serve the newly joined defendants *after* identification of specific parties' through discovery.

There is no question that Earth First! Doe defendants have been instrumental in the illegal campaign targeting Energy Transfer and the Dakota Access Pipeline ("DAPL"), and have caused enormous harm to Plaintiffs for which they must be held accountable. The Amended Complaint alleges that Earth First! Doe Defendants gave $500,000 in seed money to violent eco-terrorist infiltrators to form Red Warrior Camp to direct, incite, and perpetrate attacks against Energy Transfer personnel and equipment on-the-ground in North Dakota. These attacks were executed by "unlawful and violent" protestors "from out-of-state who have political interests in the pipeline protest and hidden agendas vastly different and far removed" from the Standing Rock Sioux Tribe. Earth First! Doe defendants also coordinated with Greenpeace USA to train and provide supplies to members of Red Warrior, including its leader Cody Hall and organizer Krystal Two Bulls, who led large-scale attacks against Energy Transfer that resulted in millions of dollars in damages. At the same time, Earth First! Doe defendants trained Mississippi Stand and its leaders, Jessica Reznicek and Ruby Montoya, to plot, incite, and execute criminal sabotage against DAPL at construction sites in Iowa and North Dakota. Ultimately, with training from Earth First! Doe Defendants and following instructions set forth in Earth First!'s manuals, Montoya and Reznicek destroyed DAPL construction equipment by arson and damaged segments of the pipeline with oxyacetylene torches, risking explosion and environmental disaster. These allegations describe Earth First! Doe defendants with sufficient specificity that they may be identified through discovery directed at the other defendants in this action or by court intervention.

Accordingly, Plaintiffs respectfully request the Court reconsider its August 22 order and grant Plaintiffs leave to conduct limited John and Jane Doe discovery so that Plaintiffs can identify and serve Earth First! Doe defendants.

**FACTUAL BACKGROUND**

Plaintiffs filed this action on August 22, 2017 against Earth First! and Doe defendants, among others. (ECF No. 1.) On December 6, 2017, after all defendants other than Earth First! had responded to the Complaint, Plaintiffs requested that the Court schedule a Rule 16(b) conference so that the parties could proceed expeditiously with discovery pursuant to the Federal Rules of Civil Procedure. (ECF No. 47.) Through discovery, Plaintiffs sought to identify and join Doe defendants (ECF No. 57 at 7), as well as seek additional information regarding Earth First!, which had eluded service despite Plaintiff's diligent efforts to identify the names and locations of members and agents of the organization.

Plaintiffs' efforts to identify and serve Earth First! Doe defendants include five separate attempts to serve identified members, organizers, and agents of the organization, including Peter (Panagioti) Tsolkas, Grayson Bauer Flory, Marion De Jong,[1] and Earth First! Journal:

---

[1] Plaintiffs attempted to serve Tsolkas, Flory, and De Jong because these three individuals hold themselves out as leaders of Earth First!, or have been otherwise held out by the organization as its leaders. Tsolkas is an Earth First! leader with self-described "15 years of on-the-ground EF! organizing experience" in direct actions across the country. (ECF No. 90-1.) Tsolkas has been on the planning committee of at least four of Earth First!'s annual leadership conferences, called "Organizers Conferences," for the years 2000, 2006, 2008, and 2011. (ECF No. 90-2.) In addition, he is an editor of the Earth First! Direct Action Manual and an advisor to the Earth First! Journal. (ECF No. 90-1.) Flory is a member of Earth First!, an editor of the Earth First! Journal, and Vice President of Daily Planet Publishing, Inc. ("Daily Planet Publishing"), which holds the tradestyle for Earth First! Journal. (ECF No. 34 at 4; ECF No. 80-1 ¶¶ 1, 4.) De Jong was the President of Night Herons Grassroots Activist Center, which formerly held the tradestyle for Earth First! Journal. (ECF No. 34 at 4.) Earth First! Journal is Earth First!'s public face, official publication, fundraiser, informational network for news about direct actions and the organization's annual meetings and goals, and forum for discussion between Earth First! members. (ECF No. 89 at 4-5.)

3

- On August 31, 2017, Plaintiffs attempted to serve Ms. De Jong at 1307 Central Terrace, Lake Worth, Florida 33460, an address listed with the Florida Secretary of State for both Daily Planet Publishing and Night Herons Grassroots Activist Center.  After diligent inquiry and attempts, Plaintiffs' hired process server was unable to serve Ms. De Jong at this location.  On the first attempt, the building at 1307 Central Terrace was closed and locked with no lights on, and the building had no signage.  During a second attempt later that day, when the building was open, a person who answered the door reported that it was an office of cremation services, and had been since 2013, and did not accept service for Earth First!.

- On September 12, 2017, Plaintiffs attempted to serve Mr. Flory at 701 S. F Street, Lake Worth, Florida 33460, the address on Mr. Flory's driver's license.  The property was vacant, unkempt and overgrown with vegetation, the house appeared to be empty, and service could not be effected.  The address, 701 S. F Street, is also registered as the principal place of business of Daily Planet Publishing with the Florida Secretary of State.

- Plaintiffs also attempted to serve Ms. De Jong on September 12 at the alternate address of 1224 16th Avenue, N., Lake Worth, Florida 33460, listed with the Florida Secretary of State as the mailing address for Everglades Earth First, a fictitious name owned by Mr. Tsolkas, among others.  A woman who did not identify herself answered the door and stated that Ms. De Jong's name was associated with the previous resident but that Ms. De Jong did not live there and that no current residents were associated with Ms. De Jong and, thus, service was not effected.

- On September 19, 2017, Plaintiffs attempted to serve Mr. Tsolkas at 822 N. C Street, Lake Worth, Florida 33460, an address listed for Mr. Tsolkas on his application for the fictitious name Everglades Earth First with the Florida Secretary of State.  A woman who did not identify herself came to the door, but would not open it, and stated that she did not know Mr. Tsolkas and that she resides at the address alone.  Accordingly, service was not effected.

- Also on September 19, 2017, Plaintiffs attempted to serve Mr. Flory at 1509 Elm Avenue, Manhattan Beach, California 90266, an address listed publicly for Mr. Flory.  Plaintiffs retained First Legal Investigations to attempt service on Earth First!.  Leon Moore, a registered California process server, unsuccessfully attempted to serve Mr. Flory at that address.  The residents of 1509 Elm Avenue stated that they began to reside there in February 2017 and that they did not know Mr. Flory.

(ECF No. 35 at 4-5.)

Additionally, Plaintiffs attempted to serve Earth First! by letter to the North Dakota Secretary of State.  (ECF 35-11.)  The Secretary of State acknowledged and admitted service on behalf of Earth First! (ECF No. 15), and mailed a copy of the admission of service, summons, and complaint to a Florida address affiliated with Earth First!'s agent, Earth First! Journal (ECF

4

No. 35-12), which serves as Earth First!'s public face, official publication, fundraiser, informational network for news about direct actions and the organization's annual meetings and goals, and forum for discussion between Earth First! members.  (ECF No. 89 at 4-5.)  Although Earth First! Journal wrote to Plaintiffs three weeks later to challenge service on Earth First! (ECF No. 35-16), Plaintiffs reasonably believed proper service was effected because Earth First! had notice of the summons and complaint through its agent, Earth First! Journal, and moved in November 2017 for a declaration for effective service, or in the alternative, for additional time to serve Earth First! and for an alternative method to serve Earth First!.  (ECF No. 34.)

On March 22, 2018, the Court denied Plaintiffs' motion for effective service and for an alternative method of service, but extended Plaintiffs' time to serve Earth First! in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.  (*See* ECF Nos. 74, 81.)  The Court withheld decision on Plaintiffs' request to proceed with discovery.

On July 23, 2018, the Court ordered Plaintiffs to show cause why Earth First! should not be dismissed as a party to this action.  (ECF No. 86.)  Separately, the Court dismissed BankTrack and directed Plaintiffs to file an amended complaint with respect to Greenpeace Defendants. (ECF Nos. 87, 88.)  Plaintiffs made additional attempts to serve Earth First! through personal service on members of the organization. On July 27, Plaintiffs served Earth First! by personal service on Mr. Flory and Ms. De Jong at their homes in Florida.  (ECF Nos. 90-13, 90-14.)  Over the next two weeks, Plaintiffs continued their attempts to serve Mr. Tsolkas eight times at his Lake Worth, Florida address, but no one answered the door, although a neighbor confirmed that someone lived at the residence.  (ECF No. 90-15; Ex. 1.[2])

---

[2]   References to Ex. _ are to the exhibits attached to the Declaration of Lauren Tabaksblat dated September 4, 2018.

5

On August 3, Plaintiffs informed the Court that they had served Earth First! via personal service upon Flory and De Jong. (ECF No. 89 at 6.) In the alternative, Plaintiffs requested leave to conduct limited discovery from Earth First! Journal in order to serve Earth First!. (*Id.* at 9-10.) Plaintiffs also requested leave to amend the complaint to add Earth First! Journal for their role in planning and funding direct actions and property destruction, disseminating manuals on property destruction, and promoting on its website the destruction of Energy Transfer's infrastructure projects. (*Id.* at 10-11.)

The Court denied the motion in part and granted the motion in part. (ECF No. 94.) The Court found that service on De Jong was not sufficient to provide notice to Earth First!, but did not address service on Flory. (*Id.* at 2.) The Court granted in part Plaintiffs' request for leave to amend, directing that "Plaintiffs may amend their complaint to name any person or entity directly responsible for" or "who provided monetary support to commit the acts complained of," but denied Plaintiffs' request to add Earth First! Journal as a defendant. (ECF No. 94 at 1.) Additionally, while the Court denied leave to conduct discovery on Earth First! Journal, the Court determined that "discovery would be appropriately directed at members of the 'Red Warrior Camp' or other individuals who use the Earth First! name and who allegedly received $500,000.00 from 'Earth First!' to commit criminal acts." (*Id.* at 2 n.5.)

Following the Court's directive, Plaintiffs filed an amended complaint ("Amended Complaint") on August 6, 2018. (ECF No. 95.) The Amended Complaint names five individuals who participated in the campaign against Energy Transfer as defendants: Greenpeace employee Charles Brown, Mississippi Stand members Jessica Reznicek and Ruby Montoya, and Red Warrior Camp members Cody Hall and Krystal Two Bulls. (*Id.*) The Amended Complaint alleges that Earth First! Doe defendants provided Red Warrior Camp with

6

$500,000 to establish a protest camp in North Dakota to use as a base for attacks against Energy Transfer.  (*Id.* ¶¶ 67, 118.)  Earth First! Does are also alleged to have coordinated with Greenpeace USA to provide on-the-ground training for protestors at camps in North Dakota.  (*Id.* ¶ 75.)  Additionally, Earth First! Does held training sessions in Lee County, Iowa, in September and October 2016 for Mississippi Stand members, including Reznicek and Montoya, who admittedly used Earth First! techniques to destroy construction equipment at DAPL construction sites, as well as segments of the pipeline, throughout Iowa and in parts of South Dakota.  (*Id.* ¶¶ 44, 68, 128, 144-48.)

On August 8, Plaintiffs served Defendant Brown by personal service at his Virginia residence.  (Ex. 2.)  Plaintiffs retained First Legal Investigations, which has attempted to assist in locating and serving Reznicek, Montoya, Two Bulls, and Hall, but have not been able to locate these defendants.  As is the case with members of Earth First!, these defendants do not appear to hold steady jobs or maintain consistent residency in a single place.  (*See* Declaration of Denise Vasquez ("Vasquez Decl.") ¶¶ 4-16.)  Indeed, Reznicek and Montoya are "professional" protestors who are believed to travel from protest to protest around the country.  (*See* Ex. 3.)  They are believed to have gone into hiding from law enforcement after their Des Moines, Iowa headquarters was raided by law enforcement after they publicly confessed to destroying DAPL construction equipment by arson and damaging segments of the pipeline with oxyacetylene torches.  (Vasquez Decl. ¶ 10.)

In accordance with the Court's August 3 order concluding the Earth First! had not been served, on August 22, the Court dismissed Earth First! as a party to this action.  (ECF No. 99.) Additionally, the Court *sua sponte* ordered Plaintiffs to identify and serve all Doe Defendants

within 30 days and warned that "failure to identify and effect service on these Defendants will result in their dismissal."  (ECF No. 100.)

## ARGUMENT

A non-final order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (quoting Fed. R. Civ. P. 54(b)); *Hans v. Tharaldson*, 601 F. Supp. 3d 1139, 1140 (D.N.D. 2009) (court may "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment").  Plaintiffs respectfully submit that reconsideration is warranted because the Court erred in directing Plaintiffs to identify and serve Doe defendants within 30 days or face their dismissal.  As set forth below, Eighth Circuit case law establishes that when Doe defendants are named in an amended complaint, such defendants may not be dismissed prior to discovery.  Moreover, pursuant to Fed. R. Civ. P. 4(m), Plaintiffs are entitled to 90 days to serve the newly joined defendants after identification of specific parties' through discovery.

**I.    DOE DEFENDANTS MAY NOT BE DISMISSED PRIOR TO DISCOVERY.**

Under Eighth Circuit case law, an action may proceed against a Doe defendant "if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandall*, 56 F.3d 35, 37 (8th Cir. 1995) (reversing dismissal of six John Does against whom plaintiff alleged specific acts that established the cause of action).  Where, as here, the Doe defendant "is capable of being identified" with discovery, it is improper for the court to dismiss the claim at this early juncture.  *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).  "Rather than dismissing the claim, a court should order the disclosure of the fictitious party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery." *Id.*  Dismissal is

8

proper only where the true identity of the defendant cannot be learned through discovery or the court's intervention. *Id.*

The Amended Complaint describes Doe defendants with the requisite specificity to permit their identities to be ascertained after discovery. In particular, the Amended Complaint asserts claims against (i) Earth First! Doe defendants who provided $500,000 in seed money to Red Warrior Camp (Am. Compl. ¶¶ 67, 118), (ii) Earth First! Doe defendants who coordinated with Greenpeace USA to provide training for protestors at camps in North Dakota (¶¶ 75, 117), and (iii) Earth First! Doe defendants who in September and October 2016 organized and led in-person direct action training sessions for members of Mississippi Stand, including Jessica Reznicek and Ruby Montoya, in Lee County, Iowa (¶¶ 44, 68, 128). Plaintiffs respectfully submit that the Doe defendants here can likely be identified through basic discovery or court intervention. Indeed, as this Court has recognized, discovery with respect to Earth First! "would be appropriately directed . . . at members of the 'Red Warrior Camp'" who Plaintiffs allege "received $500,000.00 from 'Earth First!' to commit criminal acts." (ECF No. 94 at 2 n.5.) The Amended Complaint names two such members, Two Bulls and Cody Hall, to whom Doe discovery could be directed. The Complaint also names Reznicek and Montoya, who attended direct action training sessions provided by Earth First! Does in September and October 2016 in Lee County, Iowa.

Additionally, discovery with regard to the Doe defendants would be appropriately directed at Greenpeace Defendants. As alleged in the Amended Complaint, Greenpeace Defendants coordinated with Earth First! to provide training in Earth First! methods at camps in North Dakota. (¶¶ 75, 117.) Moreover, Greenpeace Defendants admit to having established connections with Two Bulls and Hall. Specifically, defendant Greenpeace USA's website

9

features Two Bulls' biography and published a "call to action" by Two Bulls' on behalf of Red Warrior.  (¶ 127.)  Greenpeace USA also coordinated with Two Bulls and Hall to hold donation drives in ten cities across the country to fund, feed, and house Red Warrior at its Lake Oahe campsite.  (¶¶ 40, 126.)  The supplies were sent directly to Hall at Red Warrior's Lake Oahe campsite.  (*Id.*)[3]

Under these circumstances, and in line with Eight Circuit case law, it is improper to dismiss the Doe defendants prior to discovery.  *Rosenberg*, 56 F.3d at 37 (reversing dismissal of claim against Doe defendants whose conduct was specified and whose names thus could be identified with discovery); *Smith v. Planned Parenthood of St. Louis Region*, 327 F. Supp. 2d 1016 (E.D. Mo. 2004) (permitting discovery of certain physicians and agents of Planned Parenthood rather than dismissing the claims); *Cantrell v. Reed*, 256 Fed. App'x 863 (8th Cir. 2007) (finding that case may proceed against Doe defendant who could be identified through discovery).

## II. THE COURT SHOULD GRANT LEAVE TO CONDUCT LIMITED JOHN AND JANE DOE DISCOVERY.

In light of Eighth Circuit law requiring reasonable discovery before dismissal of Doe defendants, Plaintiffs respectfully renew their request for leave to conduct limited John and Jane Doe discovery.  While a party may not normally seek discovery prior to a Rule 26(f) conference, a party may seek early discovery upon a showing of "good cause."  *Loeffler v. City of Anoka*, 2015 WL 12977338, at *1 (D. Minn. Dec. 16, 2015).

---

[3]   Plaintiffs submit that discovery directed at Greenpeace Defendants would be more effective than discovery directed at the other named defendants, as Plaintiffs have not been able to locate and serve Reznicek, Montoya, Two Bulls, and Hall (Vasquez Decl. ¶¶ 4-16) and, even if served, these individuals may very well default on any discovery directed toward them.

Plaintiffs demonstrate good cause for expedited John and Jane Doe discovery.  Despite the efforts discussed above, Plaintiffs have not been able to identify and serve Earth First! Doe defendants.  Plaintiffs submit that their inability to identify Earth First! Doe defendants is a direct result of Earth First! members' efforts to guard their identities to avoid accountability for their destructive tactics.  (*See* Ex. 4.)  Earth First! routinely instructs its members not to post on social media or speak publicly about their involvement in direct actions and property destruction.  (*See id.*)  Instead, Earth First! members publicize their actions anonymously through magazines, web pages, press offices.  (*See id.*)  These calculated efforts to avoid detection have prevented Plaintiffs from identifying Earth First! Doe defendants without discovery.  (*Id.*)  Courts have consistently found good cause where, as here, permitting limited discovery of information would enable a plaintiff to identify and effect service on Doe defendants.  *Arista Records, L.L.C. v. Does 1-54*, No. 4:08-CV-1289 (CEJ), 2008 WL 4104563, at *1 (E.D. Mo. Aug. 29, 2008) ("Courts allow discovery to identify Doe defendants."); *Loeffler*, 2015 WL 12977338, at *1 (granting early discovery so plaintiff could confirm defendant's identity and effect service of process); *Sapa v. Florence,* 2016 WL 616687, *1 (E.D. Mo. Jan. 11, 2016) (granting limited discovery to identify appropriate party for service where defendant was concealing his/her identity and location).

Accordingly, Plaintiffs respectfully request leave to conduct limited expedited discovery as to the identity and location of Earth First! Doe defendants from Greenpeace Defendants, as well as from Reznicek, Montoya, Two Bulls, and Hall.

## III.  PLAINTIFFS ARE ENTITLED TO 90 DAYS TO SERVE DOE DEFENDANTS, AFTER THEIR IDENTITIES ARE REVEALED IN DISCOVERY.

The Court's order providing Plaintiffs only 30 days to identify and serve Doe defendants is contrary to Eighth Circuit law, and Plaintiffs respectfully submit the order is an error that

11

warrants reconsideration.  Eighth Circuit case law provides that the time to serve a Doe defendant can only be calculated after discovery into such defendants has been allowed, and after Doe defendants' identities have been revealed.  Plaintiff must be "permitted to amend the complaint and serve the identified defendant."  *Munz*, 758 F.2d at 1258.  The law is clear that a plaintiff's time to serve Doe defendants does not begin to run until they are identified and joined in the action.  *See id.*; *Cantrell*, 256 Fed. App'x 863 (instructing district court that if complaint is amended to add an identified Doe, the court must grant 120 days to serve under Rule 4(m)); *Smith*, 327 F. Supp. at 1021 (permitting discovery of Doe defendants and directing that plaintiff "should promptly seek leave of Court to amend her complaint after ascertaining the identity of the unknown defendants").  Thus, pursuant to Fed. R. Civ. P. 4(m), Plaintiffs are entitled to 90 days to serve the Doe defendants *after* such defendants are specifically identified via discovery.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to reconsider its August 22, 2018 order directing Plaintiffs to identify and serve Doe Defendants within 30 days or face their dismissal.  Plaintiffs also respectfully submit that good cause exists for expedited John and Jane Doe discovery on Greenpeace Defendants, Hall, Two Bulls, Reznicek, and Montoya.

DATED this 4th day of September, 2018.

|  |  |
|---|---|
| **FREDRIKSON BYRON P.A.** | **KASOWITZ BENSON TORRES LLP** |
|  | */s/* Lauren Tabaksblat |
| By: Lawrence Bender, ND Bar# 03908 | By: Michael J. Bowe (admitted *pro hac vice*) |
|  | Jennifer S. Recine (admitted *pro hac vice*) |
|  | Lauren Tabaksblat (admitted *pro hac vice*) |
| 1133 College Drive, Suite 1000 | 1633 Broadway |
| Bismarck, ND 58501 | New York, NY 10019 |
| Telephone: 701.221.8700 | Telephone: 212.506.1700 |
| Fax: 701.221.8750 |  |

*Attorneys for Plaintiffs*