# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| Energy Transfer Equity, L.P., and Energy Transfer Partners, L.P., | ) ) ) |
| Plaintiffs, | ) Case No. 1:17-cv-00173 ) ) |
| | ) **MEMORANDUM OF LAW IN** |
| Greenpeace International (aka "Stichting Greenpeace Council"); Greenpeace, Inc.; Greenpeace Fund, Inc.; Banktrack (aka "Stichting Banktrack"); Earth First!; Cody Hall; Krystal Two Bulls; Jessica Reznicek; Ruby Montoya; Charles Brown; and John and Jane Does 1-20, | ) **SUPPORT OF MOTION FOR** ) **EXTENSION OF TIME TO SERVE** ) ) ) ) ) ) |
| Defendants. | |

Energy Transfer Equity, L.P. and Energy Transfer Partners, L.P. (together, "Energy Transfer" or "Plaintiffs") respectfully submit this memorandum of law in support of their motion for a 45-day extension of time to serve Defendants Jessica Reznicek, Ruby Montoya, and Cody Hall.

## INTRODUCTION

Energy Transfer filed the Amended Complaint on August 6, 2018, naming Jessica Reznicek, Ruby Montoya, Krystal Two Bulls, and Cody Hall as new defendants in this action. (ECF No. 95.) Immediately thereafter and continuing to this date, Energy Transfer has made diligent, extensive, and persistent efforts to locate and serve these defendants. (*See* ECF No. 114 at 2-9.) On December 5, 2018, Energy Transfer served Ms. Two Bulls. (ECF No. 116.) On December 12, 2018, the Court extended time to serve Ms. Reznicek, Ms. Montoya, and Mr. Hall to December 19, 2018, at 5 p.m. (ECF No. 117.)

Energy Transfer's efforts to serve Ms. Reznicek, Ms. Montoya, and Mr. Hall are ongoing.  As a result of these defendants' conscious efforts to avoid detection (*see* ECF No. 114 at 2-9), defendants have evaded service to date.  Energy Transfer believes that service can be effected with a 45-day extension of time.  Because Energy Transfer's inability to serve defendants is a direct result of defendants' efforts to avoid service, and not a lack of diligence on the part of Energy Transfer (*see* ECF No. 114 at 2-9), Energy Transfer respectfully requests that the Court grant an additional 45-day extension of time to serve defendants.

## FACTUAL BACKGROUND

Energy Transfer's efforts to serve Ms. Reznicek, Ms. Montoya and Mr. Hall up to November 5, 2018 are set forth in detail in the Declaration of Jennifer Recine, dated November 5, 2018 (ECF. No. 115) and the Declaration of Denise Vasquez, dated September 4, 2018 (ECF No. 108.)  (*See* Declaration of Jennifer S. Recine, dated December 19, 2018 ("Recine Decl.") ¶¶ 3-4).

Plaintiffs' efforts to locate and serve Ms. Reznicek, Ms. Montoya, and Mr. Hall are ongoing, but, despite Plaintiffs' diligent efforts, defendants have continued to evade service. (Recine Decl. ¶¶ 3-4.)  Since November 5, Plaintiffs have continued efforts to locate and serve these defendants.  (*Id.*)  To that end, private investigators employed by Plaintiffs have been working full time to track, locate, and effect service upon defendants.  (*Id.*)  Plaintiffs believe that defendant Hall is currently residing on a Native American reservation, outside of range of service, and that defendants Reznicek and Montoya are being provided safe harbor at a religious institution.  (*Id.*)  Investigators have been on site at these locations in order to serve these defendants when they leave the respective premises.  (*Id.*)

As a result of the efforts undertaken since November 5, 2018, described above, Plaintiffs were able to successfully effect service on defendant Ms. Two Bulls on December 5, 2018.

(Recine Decl. ¶¶ 3-4; ECF No. 116.)  Plaintiffs believe that service upon Ms. Two Bulls has led the remaining defendants to take additional steps to evade service.  Plaintiffs' investigators believe that with an additional 45 days, service can be effected on these defendants.  (*Id.*)

## ARGUMENT

Good cause exists for a 45-day extension of time to serve Defendants Jessica Reznicek, Ruby Montoya, and Cody Hall.  The Federal Rules of Civil Procedure provide that "if the plaintiff shows good cause for the failure [to timely serve] the court *must* extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m) (emphasis added).  The Eighth Circuit has determined that good cause exists when "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances" or "defendant has evaded service of process."  *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010); *Lewis v. MSM, Inc.*, 63 Fed. App'x 972, 972 (8th Cir. 2003) (good cause is demonstrated by "a good-faith attempt to effect timely service").  Where, as here, a motion for extension of time to serve is made before the expiration of time, "motions to extend are to be liberally permitted."  *Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 585 (D. Minn. May 11, 1987).

Energy Transfer demonstrates good cause for not having timely served defendants.  Energy Transfer has made diligent, extensive, and persistent efforts to locate and serve Ms. Reznicek, Ms. Montoya, and Mr. Hall, but, due to their conscious efforts to evade service (*see* ECF No. 114 at 2-9; Recine ), defendants have evaded service to date.  Energy Transfer's efforts to serve Ms. Reznicek, Ms. Montoya, and Mr. Hall are ongoing, and Energy Transfer believes that service can be effected with a 45-day extension of time.  Accordingly, Plaintiffs submit that a 45-day extension of time to serve defendants is warranted.  *See* Fed. R. Civ. P. 4 advisory committee's note, 1993 Amendment (relief under Rule 4(m) justified "if the defendant is evading service"); *Lewis*, 63 Fed. App'x at 972 (good cause to extend time where plaintiff showed good-

faith attempt to effect timely service); *Baden*, 115 F.R.D. at 585 (D. Minn. 1987) (good cause where plaintiff "demonstrated some diligence and a reasonable effort to effect service").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs an additional 45 days to serve Defendants Hall, Reznicek, and Montoya.

DATED this 19th day of December, 2018.

| **FREDRIKSON BYRON P.A.** | **KASOWITZ BENSON TORRES LLP** |
|---|---|
| | */s/* Jennifer S. Recine |
| By: Lawrence Bender, ND Bar# 03908 | By: Michael J. Bowe (admitted *pro hac vice*) <br> Jennifer S. Recine (admitted *pro hac vice*) <br> Lauren Tabaksblat (admitted *pro hac vice*) |
| 1133 College Drive, Suite 1000 <br> Bismarck, ND 58501 <br> Telephone: 701.221.8700 <br> Fax: 701.221.8750 | 1633 Broadway <br> New York, NY 10019 <br> Telephone: 212.506.1700 |

*Attorneys for Plaintiffs*