IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

ENERGY TRANSFER EQUITY, LP, *ET AL.*                    PLAINTIFFS

VS.                              1:17-CV-00173-BRW

GREENPEACE INTERNATIONAL, *ET AL.*                     DEFENDANTS

**ORDER**

Pending are Defendants Greenpeace International, Greenpeace, Inc., Greenpeace Fund, Inc., and Charles Brown's (collectively "Greenpeace") Motions to Dismiss for Failure to State a Claim (Doc. Nos. 101, 103). Plaintiffs Energy Transfer Equity, L.P., and Energy Transfer Partners, L.P. (collectively "Plaintiff") have responded.[1]

Also pending are Defendant Krystal Two Bulls's Motion to Dismiss (Doc. No. 121); Defendant Ruby Montoya's Motion to Dismiss (Doc. No. 128); and Plaintiff's Motion for Extension of Time to Serve (Doc. No. 118).[2]

For the reasons set out below, the Motions to Dismiss (Doc. Nos. 101, 103, 121, 128) are GRANTED and the Motion for Extension of Time to Serve (Doc. No. 118) is DENIED. The RICO claims are dismissed with prejudice and the state law claims are dismissed without prejudice.

## I.    BACKGROUND

This case involves Defendants' alleged actions taken to prevent the building and completion of the Dakota Access Pipeline ("DAPL"). The legal dispute over DAPL is well-documented in other cases.[3] Succinctly put: while Plaintiff was building the DAPL,

---

[1]Doc. No. 111.

[2]Responses were filed to the two motions to dismiss (Doc. Nos. 125, 126, 131).

[3]The lengthy factual history of this dispute is outlined in *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 255 F. Supp. 3d 101 (D.D.C. June 14, 2017) and *Dundon v.*

protestors went to the site, camped out, and interrupted the construction of the DAPL.

Defendants allegedly funded and trained these protestors, who damaged the DAPL, costing

Plaintiff millions of dollars.

### A.    Procedural History

On August 22, 2017, Plaintiff filed a complaint alleging civil RICO violations and state

law claims against BankTrack, John and Jane Does 1-20, Earth First!, Greenpeace Fund, Inc.,

Greenpeace International, and Greenpeace, Inc.[4]  On July 25, 2018, I dismissed BankTrack for

lack of jurisdiction and failure to state a claim.[5]  On August 22, 2018, after issuing a show cause

order, I dismissed Earth First! for lack of service and because Plaintiff failed to show Earth First!

was an entity subject to suit.[6]

After denying Greenpeace's motions to dismiss and expressing concerns about the claims

in the Complaint, I directed Plaintiff to file an Amended Complaint to see if it could state a

plausible RICO claim against Defendants.[7]

Plaintiff filed the Amended Complaint on August 6, 2018, adding several Defendants

including Greenpeace's employee Charles Brown, and alleged protesters Cody Hall, Krystal

Two Bulls, Jessica Reznicek, and Ruby Montoya.[8]  Though John and Jane Doe Defendants were

_____

*Kirchmeier*, No. 1:16-CV-406, 2017 WL 5894552, at *1 (D.N.D. Feb. 7, 2017), aff'd, 701 F. App'x 538 (8th Cir. 2017).

[4]Doc. No. 1.

[5]Doc. No. 87.

[6]Doc. Nos. 86, 89, and 99.

[7]Doc. No. 88.

[8]Doc. No. 95, ¶¶ 31-34, 62.  Notably, Charles Brown was not employed by Greenpeace until after the allegations in the Amended Complaint occurred, and his alleged conduct appears to have occurred in Louisiana..  Also, it is clear from the allegations that Plaintiff knew the identities and alleged actions of Defendants Cody Hall, Krystal Two Bulls, Jessica Reznicek, and Ruby Montoya before it even filed the original complaint.

named in the original Complaint, I allowed Plaintiff additional time to identify and name the Doe

Defendants "holding themselves out as associates of Earth First!" who appear critical to

Plaintiff's claims.[9]  To date, Plaintiff has neither identified nor served any of the Doe

Defendants.  It also has not served Cody Hall or Jessica Reznicek.

### B.      Parties

According to the Amended Complaint:

- Plaintiff, organized under the laws of Delaware and headquartered in Dallas, Texas, "owns the largest liquid petroleum and natural gas pipeline system by volume in the United States . . . including a 38.25% interest" in the DAPL.[10]

- Greenpeace International is a Dutch not-for-profit foundation based in Amsterdam.[11] Greenpeace, Inc. and Greenpeace Fund, Inc. are nonprofit corporations organized in California and headquartered in Washington, D.C.[12]

- Charles Brown, a Virginia resident, is a "pipeline campaigner" for Greenpeace.

- Jessica Reznicek, an Iowa resident, "is the founder of Mississippi Stand."

- Ruby Montoya, an Iowa resident (actually she is a resident of Arizona)[13] is a "press representative for Mississippi Stand."

- Cody Hall, a South Dakota resident, is "a leader, organizer, and media spokesperson for Red Warrior Camp."

- Krystal Two Bulls, a resident of Montana, is "an organizer and media coordinator for Red Warrior Camp."[14]

---

[9]Doc. Nos. 95, ¶ ¶ 63, 99 and 100.

[10]Doc. No. 95, ¶ 24.

[11]Doc. No. 96, ¶ 26.

[12]Doc. No. 96, ¶ 27.

[13]Doc. No. 130.

[14]Doc. No. 95, ¶¶ 30-34.

## II.    STANDARD OF REVIEW

When considering a motion to dismiss, a court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[15]  All reasonable inferences from the complaint are drawn in favor of the nonmoving party.[16]  A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."[17]  A complaint needs only "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[18]  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[19]

"While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20]  Under the *Twombly* "plausibility standard," the allegations must be evaluated to determine whether they contain facts sufficient to "nudge[] [the] claims across the line from conceivable to plausible."[21]

---

[15]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[16]*Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir. 2004).

[17]*Schmedding v. Tnemec Co. Inc.,* 187 F.3d 862, 864 (8th Cir. 1999).

[18]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[19]*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (overruling language from *Conley v. Gibson,* 78 S. Ct. 99, 102 (1957), which stated, "a complaint should not be dismissed for failure to state a  claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[20]*Id.* at 1964-65 (citations omitted).

[21]*Id.* at 1974.

## II.   DISCUSSION

The Amended Complaint alleges several causes of action:  RICO violations; Conspiracy

to Commit RICO violations; Racketeering in Violation of North Dakota Law; Defamation

(against only Greenpeace); Tortious Interference With a Business (against only Greenpeace),

Criminal Trespass; and Common Law Conspiracy.

Basically, Plaintiff alleges that Defendants, all working in concert, disrupted the

construction of and damaged the DAPL.  More specifically (as to each Defendant), Greenpeace

raised money based on lies about the DAPL's impact on the environment and Native American

lands.[22]  Greenpeace provided funds to Cody Hall to support protestors at the Red Warrior Camp,

in North Dakota,[23] who were opposing the construction of the DAPL.  Protestors also received

funding through the sale of illegal narcotics, but no particular drug-dealing Defendant was

identified in the Complaint.  Protestors at the Red Warrior Camp delayed the building of the

DAPL and damaged Plaintiff's property before they were evicted by authorities.

Around the same time, "John and Jane Does operating as Earth First! provided training

and manuals to Mississippi Stand members Jessica Reznicek and Ruby Montoya, who were

present at training events hosted by Earth First!" in Iowa.[24] On several occasions, Reznicek and

---

[22]The common purpose of the Enterprise was to manufacture and disseminate false and
sensational claims about DAPL to fund and facilitate its racketeering activity," "generate
increased donations," and "fraudulently solicit and maximize donations."  Doc. No. 95, ¶¶ 78,
197, 209, 227, 232.

[23]Doc. No. 95, ¶ 126 ("Red Warrior Camp, through Defendant Cody Hall and Krystal
Two Bulls, and the Greenpeace Defendants agreed that Greenpeace USA would use its
fraudulent campaign to raise money for the continued illegal activities at Red Warrior Camp,
including directing fraudulently induced funds to Mr. Hall and using its campaign to solicit
direct donations and supplies to Mr. Hall. As part of this effort, between September 12 and 19,
Greenpeace USA organized donation drives at its offices in ten cities across the country to
collect supplies to fund, feed, and house the militant group at the camp.").

[24]Doc. No. 95, ¶ 196.

Montoya, relying on their training from Earth First!, "used an oxy-acetylene cutting torch to cut holes into the interstate pipeline" in Iowa.[25]

### A.      Claim 1 – RICO violation under 18 U.S.C. § 1962(c)

A valid civil RICO claim requires: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[26] So, Plaintiff must establish that an enterprise existed; each Defendant was associated with the enterprise; each Defendant participated in the conduct of the affairs of the enterprise; and each Defendant's participation was through a pattern of racketeering activity.[27]  Plaintiff's Amended Complaint fails to establish these elements.

### 1.      RICO Enterprise

An enterprise is an "ongoing organization, formal or informal . . . [where] the various associates function as a continuing unit."[28]  To prove the element of enterprise, Plaintiff must show "(1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering."[29]  Because Defendants are not associated legal entities, Plaintiff must show association-in-fact for a common purpose of engaging in a course of conduct.[30]  "In deciding whether an alleged RICO enterprise has an ascertainable

---

[25]*Id.* at ¶¶ 196, 12.

[26]*Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009) (citing *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496,(1985) ).

[27]Eighth Circuit Model Criminal Jury Instructions 6.18.1962A.

[28]*Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 995 (8th Cir.1989) (citation omitted).

[29]*Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 354-55 (8th Cir. 2011) (citing *United States v. Kragness*, 830 F.2d 842, 855 (8th Cir. 1987)).

[30]*United States v. Turkette*, 452 U.S. 576 (1981).

structure distinct from the pattern of racketeering activity, [a court] must 'determine if the enterprise would still exist were the predicate acts removed from the equation.'"[31] Based on the allegations in the Complaint, the answer is no.

The alleged "Enterprise" consists of: (1) Greenpeace; (2) Charles Brown; (3) Cody Hall; (4) Krystal Two Bulls; (5) Jessica Reznicek; (6) Ruby Montoya; and (7) John and Jane Does. Red Army Camp is repeatedly mentioned in the Amended Complaint, but it is not a named party, nor can it be, since, according to Plaintiff it was simply an "encampment."[32]  Mississippi Stand is not a named party.  BankTrack was dismissed based on lack of jurisdiction and failure to state a claim.[33]  EarthFirst! was dismissed for lack of service and because Plaintiff failed to show Earth First! was an entity subject to suit.

Stripping away the hyperbole in the Amended Complaint, Plaintiff alleges:

**Greenpeace made false claims about the DAPL, which resulted in increased donations to Greenpeace** – Greenpeace is a non-profit organization, so it raises funds  from donors who support  its causes.  Although Greenpeace agreed to donate some of the money to Cody Hall and Krystal Two Bulls, this does not make the three of them an ongoing organization. Additionally, the alleged mail and wire fraud were distinct acts performed by Greenpeace for Greenpeace's benefit.

---

[31]*Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 354–55 (8th Cir. 2011) (quoting *Handeen v. Lemaire*, 112 F.3d 1339, 1352 (8th Cir.1997)).

[32]Doc. No. 95, ¶ 30.

[33]BankTrack appears only in the heading of the Amended Complaint.  No specific allegations are in the Amended Complaint.

**Greenpeace trained "thousands of protestors" on how to "unlawfully stop DAPL construction"**[34] – The protestors are not named defendants nor alleged to be part of the Enterprise.  Additionally, there are no allegations that Greenpeace directed the "thousands of protestors" to perform specific illegal acts or had any control over the protestors.

**Greenpeace "coordinated closely with Defendant John and Jane Does, EarthFirst! representatives, to plant radical eco-terrorists at the camp sites"**[35] – Again, Earth First! was dismissed from this case, so its not part of the Enterprise.  Also, there's no alleged connection with any other named Defendant regarding "planting radical eco-terrorists at the camp sites." Finally, "coordinating closely" does not establish a "continuing unit."

**In North Dakota, Cody Hall founded the Red Warrior Camp and he and other members obstructed DAPL construction and destroyed Plaintiff's property** – Though Greenpeace may have provided financial support to Cody Hall, there are no allegations that he operated in concert with Greenpeace or under its direct control.

**Greenpeace agreed with Cody Hall and Krystal Two Bulls to donate funds to support members at the Red Warrior Camp –** Donating to people whose cause you support does not create a RICO enterprise.

**Greenpeace posted an article by Krystal Two Bulls, who was soliciting people to joint the protest or donate to her cause --** Posting articles written by people with similar beliefs does not create a RICO enterprise.

---

[34]Doc. No. 95, ¶ 59.

[35]Doc. No. 95, ¶ 60.

**In Iowa, Defendant John and Jane Does, operating as members of EarthFirst!, trained Jessica Reznicek and Ruby Montoya on "criminal sabotage against DAPL"**[36] – Notably, there's no connection between EarthFirst!, Ms. Reznicek, and Ms. Montoya and the other Defendants, other than they all opposed the DAPL and engaged in similar techniques to protest the building of the DAPL.  Ms. Reznicek and Ms. Montoya are connected only to EarthFirst! (which allegedly trained them) and Mississippi Stand.  As mentioned earlier, one is no longer a defendant (EarthFirst!) and the other (Mississippi Stand) never was a named defendant.  Even if they were parties, there's nothing connecting these Defendants to Greenpeace, Cody Hall, and Krystal Two Bulls, other than similar interests and tactics.

**On several occasions, Jessica Reznicek and Ruby Montoya burned "heavy construction equipment" and used a blow torch to "cut holes into segments" of the DAPL** – acting in a manner similar to others, without any sort of agreement or understanding, does <u>not</u> make you part of a RICO enterprise.   Even assuming there was an enterprise, RICO requires each person's predicate RICO acts to rise to the level of participation in the management or operation of the enterprise.[37]  The allegations against these two Defendants falls short.

**Mississippi Stand members stopped DAPL construction in Iowa on an almost daily basis in September and October 2016 –** Again, isolated events by individuals does not connect them to "continuing unit" that would amount to a RICO enterprise.

**In 2018, Greenpeace's Charles Brown "traveled to Louisiana to train on-the-ground protesters, incite, and fund direct actions against the Bayou Bridge Pipeline"**[38] – Naming

---

[36]Doc. No. 95, ¶ 128.

[37]*Reves v. Ernst & Young*, 507 U.S. 170 (1993).

[38]Doc. No. 96, ¶ 62.

Charles Brown in the Amended Complaint adds nothing of substance to the alleged RICO

enterprise.  "A firm and its employees, or a parent and its subsidiaries, are not an enterprise

separate from the firm itself."[39] Additionally, the activities are unrelated to the other members

and actions of the alleged RICO enterprise.

RICO is a "a unique cause of action that is concerned with eradicating organized,

long-term, habitual criminal activity."[40] While there is a common purpose among Defendants –

they all oppose the DAPL – there is no ongoing organization, no continuing unit, and no

ascertainable structure distinct from the alleged RICO violations.  This case involves several

groups/individuals with similar interests who happened to allegedly engage in unlawful activity

around the same time.  This is far short of what is needed to establish a RICO enterprise.

### 2. Pattern of Racketeering Activity

A "pattern of racketeering activity" is also element that Plaintiff must establish for valid

civil RICO claim.   A "pattern of racketeering activity" requires two acts of racketeering activity

by each Defendant, as defined by 18 U.S.C. § 1961(1) – these are known as predicate acts.[41]  The

Complaint must adequately specify two predicate acts as to each Defendants.[42]   Additionally,

Plaintiff must show that the predicate offenses were both the "but for" cause of the injury and the

---

[39]*Bachman v. Bear, Stearns & Co.*, 178 F.3d 930, 932 (7th Cir. 1999), holding modified by *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961 (7th Cir. 2000)

[40]*Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011).

[41]18 U.S.C. 1961(5).

[42]*Crest Const. II*, 660 F.3d at 358.

proximate cause.[43]  For a civil RICO claim proximate cause "requires 'some direct relation

between the injury asserted and the injurious conduct alleged.'"[44]

Since Plaintiff cannot establish an enterprise, I need not address this issue, but I wanted

to point out a few issues.

**Wire Fraud and Mail Fraud** – There appear to be problems with both causation

and the fact that most (if not all) of the alleged "false and sensational claims" are either subject

to debate, matters of opinion, or inconsequential.

**Drug Trafficking** – Plaintiff claims that "Red Warrior Camp engaged in an

illegal drug trade by using funds to buy drugs out of state and sell them at the camps at enormous

profits, which funds were used to finance the scheme's continued operations and line the pockets

of its organizers."[45]  First, Red Warrior Camp is not a named party.  Second, Plaintiff describes

"Red Warrior Camp" as an "encampment of militant eco-terrorists formed in North Dakota

adjacent to DAPL."[46]  An "encampment" is not an entity subject to suit.  Third, unnamed

individuals "using donation money to buy drugs out of state and sell them throughout the camp"

does not implicate the named Defendants.  Fourth, it is not the proximate cause of Plaintiff's

alleged injury.

**Money Laundering –** A rote recitations of a money laundering claim does not

state a claim.  Additionally, there, again, lacks the required causation to Plaintiff's alleged injury.

**Interstate Transportation of Stolen Property** – Nowhere in the complaint does

Plaintiff describe the "stolen property" or how it was a proximate cause of Plaintiff's injury.

---

[43]*Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010).

[44]*Id.* (quoting *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258 (1992)).

[45]Doc. No. 95, ¶ 205.

[46]*Id.* at ¶ 30.

**D.       Claim 2 – RICO Conspiracy Under 18 U.S.C. § 1962(d).**

Because the RICO violations fails, the conspiracy in violation of RICO fails.[47]

**E.       State-Law Claims**

I decline to exercise jurisdiction over the remaining state-law claims.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motions to

Dismiss (Doc. No. 101, 103, 121, 128) are GRANTED.  Because Plaintiff already had a chance

to amend the complaint to allege valid RICO claims, and any additional amendments would be

futile, the RICO claims are DISMISSED with prejudice.  All other claims are dismissed without

prejudice.

The Motion for Extension of Time to Serve (Doc. No. 118) is DENIED.

IT IS SO ORDERED this 14th day of February, 2019.


/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[47]*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1296 n.6 (11th Cir. 2010) (citing cases).